Miriam WALTON and Elizabeth Walton, Applicants and Appellees,

v.

NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES, Respondent and Appellant

and

Ward County Social Service Board, Respondent.

Civil No. 950382.

Supreme Court of North Dakota.

June 27, 1996.

R. James Maxson, of Farhart, Lian, Maxson, Louser & Zent, Minot, for applicants and appellees.

Jean R. Mullen, Assistant Attorney General, Bismarck, for respondent and appellant. Appearance by Candace A. Prigge, Assistant Attorney General.

SANDSTROM, Justice.

The North Dakota Department of Human Services (the Department) appealed from a judgment of the district court reversing the Department's finding of probable cause to indicate Miriam and Elizabeth Walton had abused children in their daycare. We conclude the Department erroneously placed the burden of proof upon the Waltons, and the finding of probable cause of child abuse is not supported by a preponderance of the evidence and is not in accordance with the law. We further conclude an award of attorney's fees was authorized for the judicial proceedings, but not for the administrative proceedings. We affirm in part, reverse in part, and remand for redetermination of the amount of attorney's fees.

## I

Miriam Walton ran a licensed daycare facility in her home in Minot. Her daughter, Elizabeth, assisted her.

In October 1993, a social worker with Ward County Social Services received reports of alleged incidents of abuse and neglect at the Waltons' daycare facility. The social worker filed a report and was assigned to investigate the allegations. Her completed report was presented to the Child Protection Team (the Team). The Team found probable cause to believe the Waltons had abused children at the daycare under N.D.C.C. § 50–25.1–05.1. As a result, the Team recommended the Waltons discontinue child care. Under N.D.C.C. § 50–25.1–05.2(3), the Waltons' names were placed in the child abuse information index.

The Waltons filed an administrative appeal with the Department. After a hearing, the hearing officer issued recommended findings of fact and conclusions of law, and recommended reversal of the probable cause finding. The Executive Director of the Department rejected the hearing officer's recommendations, and issued the Department's Findings and Order upholding the Team's finding of probable cause of child abuse by the Waltons.

The Waltons appealed to the district court, which reversed the Department's order and awarded attorney's fees to the Waltons under N.D.C.C. § 28–32–21.1(1). The Department appealed to this Court.

In *Raboin v. North Dakota Department of Human Services,* 552 N.W.2d 329, 332–33 (1996), also decided today, we concluded the Department's finding of probable cause of child abuse is an appealable final order under N.D.C.C. Ch. 28–32. The Waltons filed a timely appeal of the Department's order to the district court under N.D.C.C. § 28–32–15(1). The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 28–32–19. The Department filed a timely appeal to this Court under N.D.C.C. § 28–32–21 and N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28–32–21.

## II

■■■ When a decision of an administrative agency is appealed from the district court to this Court, we review the decision of the agency, not the decision of the district court. *Meyer v. North Dakota Workers Compensation Bureau,* 512 N.W.2d 680, 681 (N.D.1994). Under N.D.C.C. §§ 28–32–19 and 28–32–21, we determine whether the agency's findings of fact are supported by a preponderance of the evidence, whether its conclusions of law are supported by its findings of fact, and whether its decision is in accordance with the law. *Southeast Human Service Center v. Eiseman,* 525 N.W.2d 664, 669 (N.D.1994). In determining whether the agency's findings of fact are supported by a preponderance of the evidence, we do not make independent findings of fact or substitute our judgment for that of the agency, but determine whether a reasoning mind could reasonably have determined the factual conclusions were supported by the weight of the evidence. *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214, 220 (N.D.1979); *Eiseman* at 669. The agency's decisions on questions of law are fully reviewable by this Court. *Meyer* at 681.

In *Raboin,* we rejected the Department's assertion we should only decide whether the Department could reasonably have found the initial factfinder, in this case the Team, did not act arbitrarily, capriciously, or unreasonably. Instead, we decide if the Department could reasonably have found probable cause under the law. *Raboin* at 333.

## III

■■ Much of the parties' dispute in this case focuses upon whether this was a "contested case" under N.D.C.C. § 28–32–01(4), and the corresponding effect upon the burden of proof. "Contested case" is defined in N.D.C.C. § 28–32–01(4):

"'Contested case' means a proceeding, including but not restricted to ratemaking and licensing, in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing."

The hearing officer concluded this was a contested case and placed the burden upon the Department to prove there was probable cause of child abuse. The Director, in rejecting the hearing officer's recommendation, concluded this was not a contested case and placed the burden of proof on the Waltons. The district court, in reversing the Department's order, concluded this was a contested case.

The Department concedes it would bear the burden of proof if this is a contested case. The Department asserts, however, the finding of probable cause of abuse under N.D.C.C. Ch. 50–25.1 does not affect "legal rights, duties, or privileges of a party" and therefore does not constitute a contested case under N.D.C.C. § 28–32–01(4). *Raboin* is dispositive of this issue.

In *Raboin*, at 332–33, we analyzed the various consequences which directly result from a finding of probable cause of child abuse under N.D.C.C. Ch. 50–25.1, including placement on the child abuse index, reporting to the juvenile court, and preclusion from the "carecheck registry" under N.D.C.C. § 50–11.1–06.2. We concluded a finding of probable cause of child abuse directly affects the legal rights of the person against whom it is directed. *Raboin* at 332.

The investigation and probable cause finding carry additional consequences when directed towards a daycare owner or employee. Under N.D.C.C. § 50–11.1–07.8, the Department may suspend a daycare's license during an investigation of suspected child abuse and is authorized to notify the parents of any child at the daycare of the probable cause finding:

> "The department may suspend the license of any early childhood facility during an investigation of a report of child abuse or neglect at the facility conducted pursuant to section 50–25.1–05. Notwithstanding sections 50–11.1–07 and 50–25.1–11, the department may notify the parent, guardian, or custodian of any child receiving care at the facility when the license of the facility is suspended. Upon the conclusion and disposition of the investigation of the facility, the department may notify the parent,

guardian, or custodian of the child of the disposition."

Under this statute, the finding of probable cause may effectively become a matter of public record, adversely affecting the legal rights and interests of the person against whom it is made.

Because the finding of probable cause affects the Waltons' legal rights, the hearing and review procedure constitutes a contested case under N.D.C.C. § 28–32–01(4). Accordingly, the Department erroneously placed the burden of proof upon the Waltons.

■ The Department asserts even if it improperly placed the burden of proof, it was not reversible error under *In re Stone Creek Channel Improvements*, 424 N.W.2d 894 (N.D.1988). In *Stone Creek*, this Court differentiated between the two components of burden of proof: the initial burden of going forward with proof, and the ultimate burden of persuasion. *Stone Creek* at 898. We concluded the State Engineer's erroneous placement of the burden of going forward upon project opponents, when he properly placed the ultimate burden of persuasion upon the proponents, was not reversible error under the circumstances:

> "Regardless of whether the State Engineer properly placed the beginning burden of going forward with evidence on project opponents, we see that both opponents and proponents submitted evidence about the effect of the Project on water quality. Importantly, the State Engineer did not place the ultimate burden of persuasion upon opponents, but placed it upon the proponents and, after evaluating conflicting evidence, determined that the Project 'will not cause a significant decrease in water quality.' We therefore do not view the State Engineer's analysis of the burden of proof as a fatal procedural error."

*Stone Creek* at 899.

In this case, however, the Department clearly placed the ultimate burden of persuasion upon the Waltons. The Department's order provides:

> "The instant case is different from a contested case hearing dealing with rate-making or licensure issues, where the com-

plainant would be the agency. (NDCC §§ 28–32–01(4), 28–32–05(1)). Neither licensure nor ratemaking are at issue here, nor a determination of legal rights, duties, or privileges, but a determination of a child protection team. Therefore, the complainant or the person filing the complainant [sic] would be Miriam. Miriam would bear the burden of proof as the moving party.

"... Therefore, in the instant case, Miriam must show by a preponderance of the evidence that the conduct of the investigation and the determination of the investigation were both incorrect."

Accordingly, *Stone Creek* is distinguishable, and the Department's erroneous allocation of the burden of proof is reversible error.

### IV

■ Although we would ordinarily remand for new findings when an error in allocating the burden of proof occurs, it is unnecessary to do so in this case because we further conclude, as a matter of law, the Department's probable cause determination is not supported by the evidence and is not in accordance with the relevant statutory law. *See Ornelas v. United States,* — U.S. —, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996) (holding the ultimate question of probable cause should be reviewed *de novo* ).

For purposes of N.D.C.C. Ch. 50–25.1, "abused child" is defined in N.D.C.C. § 50–25.1–02(2), which provides in pertinent part:

" 'Abused child' means an individual under the age of eighteen years who is suffering from *serious physical harm or traumatic abuse* caused by other than accidental means by a person responsible for the child's health or welfare...." (Emphasis added.)

"Harm" is defined, in pertinent part, in N.D.C.C. § 50–25.1–02(4):

" 'Harm' means negative changes in a child's health which occur when a person responsible for the child's health and welfare:

"a. Inflicts, or allows to be inflicted, upon the child, physical or mental injury, including injuries sustained as a result of excessive corporal punishment...."

The statute requires evidence of "serious physical harm or traumatic abuse" to support a finding of probable cause of child abuse, and the "serious physical harm" must be evidenced by "negative changes" in the child's health resulting from infliction of "physical or mental injury." Construing these statutory provisions in *Raboin,* we concluded evidence the children had been spanked with a plastic spoon or leather belt which caused slight bruising did not support a finding of abuse under N.D.C.C. Ch. 50–25.1:

"Although the Department may not have been comfortable with the Raboins' disciplinary practices, we conclude a reasonable person could not find on this record probable cause the Raboins abused their children. There is no evidence from which a reasonable person could conclude any of these children ever suffered serious physical harm or traumatic abuse as a result of the parents' spankings. Even if we infer from Brandon and Andrew's statements to the investigator each of them had experienced slight bruising on the buttocks from a past spanking, these spankings fall far short of the statutory definition of child abuse. A reasonable person could not conclude a slight bruise on the buttocks is a serious 'negative change[ ]' in a child's health.' N.D.C.C. § 50–25.1–02(4)."

*Raboin* at 334–35.

The Department, in its "Findings and Order," did not even purport to apply the appropriate statutory standards. The Department's relevant findings state:

"5. The county's investigation provided testimonial evidence that the [sic] Miriam and Elizabeth spanked and hit some of the children in the Walton home, called them 'naughty' and 'stupid,' and conducted family arguments in front of the children in the Walton home. [Statement of fact.]

"6. Miriam and Elizabeth did not refute the allegations other than through their own testimony and through the testimony of five parents. Miriam and Elizabeth did not present evidence to rebut the allegations of emo-

tional or physical abuse. [Statement of fact.]

"6. [sic] A showing of verbal and physical abuse unrebutted by Miriam and Elizabeth is sufficient to substantiate a probable cause finding of physical and emotional abuse and is not arbitrary, capricious, or unreasonable. [Conclusion of law.]"

There is no finding of "serious physical harm" resulting in "negative changes in [the children's] health," or of "traumatic" emotional abuse. Furthermore, the record would not support such a finding. There is no evidence of bruising, marks, or other physical manifestations of abuse. Although the evidence shows the Waltons struck children with their hands, called the children "naughty" or "stupid" and told them they were too big to cry, had arguments in front of the children, and limited the children's use of toilet paper, there is no evidence of "negative changes".in any child's health, "serious physical harm" to any child, or "traumatic abuse." While we do not condone the Waltons' actions,[1] we conclude a reasonable person .could not find on this record the Waltons abused the children in their care under the standards of N.D.C.C. Ch. 50–25.1.

## V

The Department challenges the district court's award of attorney's fees under N.D.C.C. § 28–32–21.1, asserting the court erred in concluding the Department acted without substantial justification. Under N.D.C.C. § 28–32–21.1(1), a court must award attorney's fees against an agency which acts "without substantial justification." This Court, quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490, 504 (1988), has construed "substantially justified" to mean "justified in substance or in the main," and "justified to a degree that could satisfy a reasonable person." *In re Peterson*, 518 N.W.2d 690, 696 (N.D.1994); *see also Service Oil, Inc. v. State*, 479 N.W.2d 815, 825 (N.D.1992). An agency's actions may be substantially justified, even if they are ultimately found by a court to be erroneous, if a reasonable person could think the actions had a reasonable basis in law and fact. *Peterson* at 696; *Service Oil* at 825. In reviewing the trial court's determination on substantial justification, we apply an abuse of discretion standard. *Southeast Human Service Center v. Eiseman*, 525 N.W.2d 664, 671 (N.D.1994); *Service Oil* at 825.

In this case, the Department erroneously concluded this was not a "contested case,"

---

1. We note far stricter standards apply to discipline by daycare providers when considering licensing of such providers under N.D.C.C. Ch. 50–11.1. *See, e.g.*, N.D.A.C. §§ 75–03–07–04(2)(i); 75–03–08–06(2)(m); 75–03–09–27; 75–03–10–29; 75–03–11–24; and 75–03–11.1–27. For example, the license for a "family child care home," defined in N.D.C.C. § 50–11.1–02(6) as a private residence in which services are provided for seven children or less, may be denied or revoked under N.D.C.C. §§ 50–11.1–04 and 50–11.1–09 for failure to comply with the provisions of N.D.A.C. § 75–03–08–06(2)(m):

"m. Discipline. Discipline must be constructive or educational in nature and may include diversion, separation from the problem situation, talk with the child about the situation, praise for appropriate behavior, and gentle physical restraint such as holding. Children may not be subjected to physical harm or humiliation. Disregard of any of the following disciplinary rules or any disciplinary measure resulting in physical or emotional injury or abuse to any child is grounds for denial or revocation.
"(1) No child may be punched, spanked, shaken, pinched, bitten, roughly handled, or struck by the caretaker or any other adult in the facility.
"(2) Authority to discipline may not be delegated to or be accomplished by children.
"(3) Separation, when used as discipline, must be brief and appropriate to the child's age and circumstances, and the child must be in a safe, lighted, well-ventilated room within hearing of an adult. No child may be isolated in a locked room or closet.
"(4) No child may be physically punished for lapses in toilet training.
"(5) Verbal abuse or derogatory remarks about the child, the child's family, race, religion, or profane, threatening, unduly loud or abusive language may not be used when addressing children or in the presence of children.
"(6) No child may be force-fed unless medically prescribed and administered under a physician's care.
"(7) Deprivation of meals may not be used as a form of discipline or punishment."

These stricter standards do not apply to child abuse probable cause determinations under N.D.C.C. Ch. 50–25.1, which provides its own standards applicable to all caregivers.

resulting in improper allocation of the burden of proof. It then issued findings and conclusions which ignored the relevant statutory standards for determining probable cause of child abuse under N.D.C.C. Ch. 50–25.1. Finally, there was no evidence in this record to support a finding of probable cause of child abuse under the statutory definition. Based upon the Department's multiple errors, we conclude the district court did not abuse its discretion in concluding the Department's actions were not substantially justified.

■ The court did err, however, in awarding attorney's fees for the proceedings at the administrative level. The Waltons have not established the Department's actions in investigating the allegations of abuse and conducting the hearing were not substantially justified. It was the issuance of the Department's findings, conclusions, and order, which improperly allocated the burden of proof, applied the wrong standards, and contained unsupported findings, that was not substantially justified. Attorney's fees are authorized only for those proceedings necessitated by the Department's unjustified actions. In this case, the Department's unjustified actions necessitated the Waltons' appeal to district court. Accordingly, attorney's fees are authorized only for the judicial proceedings.

We conclude the district court erred in awarding attorney's fees for the administrative proceedings. We reverse the judgment's award of attorney's fees for the administrative proceedings, and remand for redetermination of attorney's fees, limited to fees incurred in the judicial proceedings. On remand, the district court shall also consider the Waltons' request for attorney's fees for this appeal.

## VI

The judgment is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

VANDE WALLE, C.J., and NEUMANN and MESCHKE, JJ., concur.

The Honorable Mary Muehlen Maring was not a member of the Court when this case was heard and did not participate in this decision.