Filed 2/3/09 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2009 ND 15

City of Fargo, Plaintiff and Appellee

v.

Robert E. Salsman, Defendant and Appellant

No. 20080162

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Georgia Dawson, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Scott Orel Diamond, City Attorney, P.O. Box 150, Fargo, N.D. 58107, for plaintiff and appellee.

Jonathan T. Garaas, Garaas Law Firm, 1314 23rd Street South, Fargo, N.D. 58103-3796, for defendant and appellant.

City of Fargo v. Salsman

No. 20080162

Sandstrom, Justice.

[¶1] Robert E. Salsman appeals from a judgment ordering him to immediately abate a nuisance on his property by removing and disposing of “all trash, rubbish, junk and junk automobiles” and permanently enjoining him from maintaining a nuisance on the property.  We conclude the district court did not err in ruling the City of Fargo had the authority to bring this action and there was a nuisance on Salsman’s property, and Salsman’s statutory and constitutional rights were not violated by Fargo’s action.  We affirm.

I

[¶2] Since 1976, Salsman has owned a 50-foot by 140-foot lot in Fargo.  The property is zoned as a light industrial lot, and residential housing is located directly north of the property.  An alley runs directly west of the property, and a sidewalk and 21st Street North run on the east side of the property.  A wood slat and chain link fence with tarps surrounds the property.  

[¶3] In August 2007, Fargo brought a nuisance abatement action in district court against Salsman, alleging he had “stored or accumulated numerous items of trash, rubbish and junk on the subject property, including, but not limited to, car parts, tires, junk, trash, lumber, boards, rotted lumber, garbage, metal scrap, tanks, poles, rods, barrels, drums, wire, scrap glass, and scrap building materials.”  Fargo further alleged “numerous junk, unlicensed, or inoperable motor vehicles” were parked on the property in violation of several sections of the Fargo Municipal Code.  Fargo claimed it had given Salsman notice of the various ordinance violations and sufficient time to correct the problems, but Salsman had failed to do so.

[¶4] Following a trial, the district court ruled Salsman’s property was a nuisance under city and state law.  The court found Salsman’s property “is not screened from ordinary public view by means of a fence, trees, shrubbery or other appropriate means,” and “constitutes a health hazard, is contrary to the public peace, health, safety and general welfare of the community and annoys, injures or endangers the comfort, repose, health or safety of others within the City of Fargo.”  The court ordered Salsman to abate the nuisance within 60 days of its order and permanently enjoined him from maintaining a nuisance on the property.  Salsman appealed.

II

[¶5] Salsman argues the district court had no “jurisdiction over the parties, the subject matter, or the property involved in the action” because Fargo has no authority to bring a civil action to abate a public nuisance.  Salsman’s argument is premised on N.D.C.C. § 42-02-01, which provides “[t]he attorney general, the state health officer, the state’s attorney, or any citizen of the county where a nuisance exists or is maintained, may bring an action in the name of the state to abate and perpetually enjoin the nuisance.”  Because a municipality is not listed in the statute, Salsman argues Fargo had no right to initiate the action.

[¶6] “Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears.”  N.D.C.C. § 1-02-02.  Statutes relating to the same subject matter should be construed in harmony whenever possible.  
Mountrail County v. Hoffman
, 2000 ND 49, ¶ 6, 607 N.W.2d 901.  Applying these rules of statutory construction, we interpret N.D.C.C. § 42-02-01 not to give exclusive authority to the individuals listed to bring a nuisance abatement action, but to give only those individuals the authority to bring the action “in the name of the state.”  “A public nuisance may be abated by any public body or officer authorized thereto by law.”  N.D.C.C. § 42-01-09; 
see also
 
Hoffman
, at ¶ 6 (county had authority to bring public nuisance action).  Fargo is a public body, and municipalities have the power to “declare what shall constitute a nuisance and to prevent, abate, and remove the same.”  N.D.C.C. § 40-05-01(44).  We conclude Fargo had the authority to bring this nuisance abatement action.  
See, e.g.
, 
City of Minot v. Freelander
, 368 N.W.2d 514, 515 (N.D. 1985) (affirming judgment declaring a person’s house a “public and private nuisance” in an action brought by municipality).

[¶7] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  Salsman’s appeal is timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28-27-01.

III

[¶8] Salsman challenges the district court’s findings of fact and the evidence Fargo presented in support of its action.  He argues the court’s findings are inadequate under N.D.R.Civ.P. 52(a), Fargo failed to produce sufficient evidence to establish a nuisance, and the court’s findings to that effect are clearly erroneous.

[¶9] Rule 52(a), N.D.R.Civ.P., requires the district court in a bench trial to “find the facts specially and state separately its conclusions of law thereon.”  A lack of specificity alone does not make findings of fact clearly erroneous.  
State v. Bergstrom
, 2006 ND 45, ¶ 15, 710 N.W.2d 407.  Findings of fact are adequate under N.D.R.Civ.P. 52(a) if they provide this Court with an understanding of the district court’s factual basis used in reaching its decision.  
Overland v. Overland
, 2008 ND 6, ¶ 9, 744 N.W.2d 67.  The district court’s findings of fact are presumed to be correct, and the complaining party has the burden of demonstrating a finding is clearly erroneous.  
Curtis Constr. Co. v. American Steel Span, Inc.
, 2005 ND 218, ¶ 13, 707 N.W.2d 68.  A finding of fact is clearly erroneous and will be overturned if it is induced by an erroneous view of the law, if no evidence exists to support the finding, or if, on the entire record, this Court is left with a definite and firm conviction a mistake has been made.  
Red River Wings, Inc. v. Hoot, Inc.
, 2008 ND 117, ¶ 28, 751 N.W.2d 206.  Whether a nuisance exists is a mixed question of fact and law.  
See
 
Jerry Harmon Motors, Inc. v. Farmers Union Grain Terminal Ass’n
, 337 N.W.2d 427, 430 (N.D. 1983).

[¶10] A public nuisance is defined in N.D.C.C. § 42-01-06 as “one which at the same time affects an entire community or neighborhood or any considerable number of persons, although the extent of the annoyance or damage inflicted upon the individuals may be unequal.”  Under N.D.C.C. § 42-01-01(1), a “nuisance consists in unlawfully doing an act or omitting to perform a duty, which act or omission . . . [a]nnoys, injures, or endangers the comfort, repose, health, or safety of others.” 

[¶11] Section 13-0902 of the Fargo Municipal Code provides:

It is hereby determined that the storage or accumulation of trash, rubbish, junk, junk automobiles, abandoned vehicles, building materials, and the maintenance of blighted structures upon any private property within the city of Fargo is a nuisance and tends to result in blighted and deteriorated neighborhoods, the increase in criminal activity, the spread of vermin and disease, and is contrary to the public peace, health, safety and general welfare of the community.

The terms “junk” and “junk automobiles” are defined in Fargo Municipal Code § 13-

0901(1) and (2):

1.  The term “junk” shall include, without limitation, trash, rubbish, parts of machinery or motor vehicles, unused furniture, stoves, refrigerators, or other appliances, remnants of wood, metal, or any other castoff material of any kind, whether or not the same could be put to any reasonable use.

2.  The term “junk automobiles” shall include, without limitation, any motor vehicle which is not licensed for use upon the highways of the state of North Dakota for a period in excess of 60 days, and shall also include, whether licensed or not, any motor vehicle which is inoperative for any reason for a period in excess of 60 days; provided that there is excepted from this definition unlicensed, but operative, vehicles which are kept as the stock in trade of a regularly licensed and established new or used automobile dealer.

[¶12] The district court concluded Salsman’s property constituted a nuisance under state law and Fargo’s municipal ordinances.  The court found Salsman owns the property, the property “contains trash, rubbish, junk and junk automobiles” as defined by the Fargo ordinances, and the nuisance has existed “since as early as January 2007.”  The court further found Salsman’s property “is not screened from ordinary public view by means of a fence, trees, shrubbery or other appropriate means,” and the property “constitutes a health hazard, is contrary to the public peace, health, safety and general welfare of the community and annoys, injures or endangers the comfort, repose, health or safety of others within the City of Fargo.”  The court’s findings adequately apprise us of the factual basis for its decision.

[¶13] We further conclude Fargo presented sufficient evidence to establish a nuisance and the district court’s findings are not clearly erroneous.  Fargo presented the testimony of a city building inspector who became aware of Salsman’s property “from neighborhood complaints” in 2004.  He inspected the fence on the property and described it as being constructed of “used materials” and being “somewhat dilapidated.”  From the exterior of the property, he observed “[j]unk,” “things that are thrown away,” consisting of “[c]ar parts, tires, rims, a lot of rims, hubcaps, . . . a transmission . . ., pipe, maybe plastic containers strewn about, metal, wood.”  He observed building materials scattered on the property including “some window stash [sic] laying around, a door, . .  . a stainless steel kitchen sink, [and] a counter top.”  He estimated there were 80 to 100 tires, more than 100 hubcaps, and between 13 to 20 vehicles on the property.  He testified the vehicles were not licensed and had been inoperative for more than 60 days according to his observations over time.  He testified the vegetation on the property consisted of “tall weeds and grass” and “volunteer trees” that “germinated and just come up in the middle of the vehicles.”  Forty-seven photographs were introduced into evidence, demonstrating the abysmal condition of the property.  The manager of the Division of Environmental Health for Fargo Cass Public Health also testified about his observations of the property.  He testified the property was an “ideal harborage for rodents and insects.”  He explained that during the summer months, piles of tires accumulate water and provide ideal conditions for breeding mosquitos which can transmit West Nile virus and encephalitis.

[¶14] We conclude the district court’s findings of fact are not clearly erroneous and the court did not err in concluding Salsman’s property constituted a nuisance under state law and Fargo’s municipal ordinances.

IV

[¶15] Salsman argues his use of the property is protected by N.D.C.C. § 42-01-12, which provides that “[n]othing which is done or maintained under the express authority of a statute shall be deemed a nuisance.”  Because he claims all of his uses of the property were consistent with numerous provisions of the Fargo Municipal Code relating to the “Limited Industrial” zoning of his property, he contends no nuisance can exist. 

[¶16] Salsman’s reliance on N.D.C.C. § 42-01-12 is misplaced.  In 
Messer v. City of Dickinson
, 71 N.D. 568, 571-72, 3 N.W.2d 241, 242-43 (1942), the plaintiff brought an action for damages against the city for maintaining a nuisance by emptying its main sewer into the Heart River.  The city was authorized by state law to empty or discharge its sewerage into any river, and relying on the predecessor statute to N.D.C.C. § 42-01-12, argued it could not be charged with maintaining a nuisance for doing so.  
Messer
, 71 N.D. at 572, 3 N.W.2d at 243.  This Court disagreed, reasoning “it is not to be presumed that the legislature intended that the acts so authorized might be performed in an unreasonable or improper manner,” and concluded, “[t]he protection of the statute is lost if the authority given is exceeded or is exercised in a negligent or unreasonable manner.”  
Messer
, 71 N.D. at 576-77, 3 N.W.2d at 245; 
see also
 
Kinnischtzke v. City of Glen Ullin
, 79 N.D. 495, 511, 57 N.W.2d 588, 596-

97 (1953); 
Conlon v. City of Dickinson
, 72 N.D. 190, 195, 5 N.W.2d 411, 413 (1942).

[¶17] Here, any permitted uses given Salsman under Fargo’s zoning ordinances were exercised in an unreasonable and improper manner, and consequently, he lost the protection afforded by N.D.C.C. § 42-01-12.

V

[¶18] Salsman argues he is a “car collector” and Fargo’s nuisance abatement action therefore conflicts with N.D.C.C. § 39-26-13, which provides:

A collector may store unlicensed, operable or inoperable, vehicles and parts cars on the collector’s property provided the vehicles and parts cars and the outdoor storage area are maintained in such a manner that they do not constitute a health hazard and are screened from ordinary public view by means of a fence, trees, shrubbery, or other appropriate means.

[¶19] The district court made no finding that Salsman was a “collector” as that term is defined in N.D.C.C. § 39-26-02(2).  In any event, the court found Salsman’s property “constitutes a health hazard” and “is not screened from ordinary public view,” and those findings are supported by the evidence in the record.  We conclude N.D.C.C. § 39-26-13 does not apply under the circumstances.

VI

[¶20] Salsman argues N.D.C.C. § 42-01-01(1), which defines a nuisance, is void for vagueness “[t]o the extent the North Dakota statute defining ‘nuisance’ requires the incorporation of the City of Fargo’s Municipal Code’s provision(s) for legal meaning.”

[¶21] “All laws must meet two requirements to survive a void-for-vagueness challenge: (1) the law must create minimum guidelines for the reasonable police officer, judge, or jury charged with enforcement of the statute; and (2) the law must provide a reasonable person with adequate and fair warning of the proscribed conduct.”  
City of Belfield v. Kilkenny
, 2007 ND 44, ¶ 10, 729 N.W.2d 120.  We use the “reasonable person” standard in reviewing a statute to determine whether these two dictates are satisfied.  
Id.
  A law is void for vagueness if “it either forbids or requires ‘the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.’”  
State v. Tibor
, 373 N.W.2d 877, 880 (N.D. 1985) (quoting 
Connally v. General Constr. Co.
, 269 U.S. 385, 391 (1926)).  We review de novo a claimed violation of a constitutional right.  
Kilkenny
, at ¶ 8.  We construe statutes to avoid constitutional infirmities, and any doubt must be resolved in favor of the statute’s constitutionality.  
Id.

[¶22] Section 42-01-01(1), N.D.C.C., does not require incorporation of Fargo’s municipal ordinances on nuisance to derive its legal meaning, but simply defines a nuisance as unlawfully doing an act or omitting to perform a duty which “[a]nnoys, injures, or endangers the comfort, repose, health, or safety of others.”  The terms used in the statute, as well as the Fargo municipal ordinances, have commonly understood meanings and are not so ambiguous that persons of common intelligence would have to guess at their meanings or differ as to their application.  This Court, as well as other courts, have rejected vagueness challenges to nuisance-related statutes and ordinances employing various terms in common usage.  
See
 
City of Minot v. Boger
, 2008 ND 7, ¶ 7, 744 N.W.2d 277 (prohibition of home occupation that generated “‘vehicular traffic or vehicular parking substantially greater or substantially different in kind or character, than that ordinarily associated with a similar dwelling which is used solely for residential purposes’” not unconstitutionally vague); 
Kilkenny
, 2007 ND 44, ¶¶ 6, 28, 729 N.W.2d 120 (nuisance ordinance prohibiting “[e]xcessive, continuous, or untimely barking” not unconstitutionally vague); 
see also
 
State v. Watson
, 6 P.3d 752, 757-58 (Ariz. Ct. App. 2000) (ordinance prohibiting “‘accumulation of garbage, debris, . . . litter, rubbish, refuse, . . . or blight,’” defined as “‘[u]nsightly conditions’” did not violate defendant’s due process rights because scope of the ordinance was adequately restricted): 
City of Costa Mesa v. Soffer
, 13 Cal. Rptr. 2d 735, 739-40 (Cal. Ct. App. 1992) (nuisance statute prohibiting the presence of vehicles “abandoned,” “wrecked,” “dismantled,” and “mechanically incapable of being driven” not unconstitutionally vague); 
City of Collinsville v. Seiber
, 403 N.E.2d 90, 91, 94 (Ill. Ct. App. 1980) (ordinance prohibiting maintaining “‘an unsightly yard or premises where there is an accumulation or deposit of any vehicle, equipment, junk, wrecked or disabled automobile, trucks, material of any nature, waste or earth’” not unconstitutionally vague): 
Devault v. City of Council Bluffs
, 671 N.W.2d 448, 449, 451 (Iowa 2003) (ordinance defining nuisance as maintaining “‘incomplete structures, abandoned or unmaintained property’” not unconstitutionally vague); 
Boyles v. City of Topeka
, 21 P.3d 974, 976, 981 (Kan. 2001) (ordinance declaring nuisance to be items which create “‘an unsightly appearance’” not unconstitutionally vague); 
Scurfield Coal, Inc. v. Commonwealth
, 582 A.2d 694, 695, 697 (Pa. Commw. Ct. 1990) (ordinance defining nuisance as any condition on property that causes or results in “‘annoyance or discomfort to persons beyond the boundaries of that property,’” “‘interference with the health and/or safety of persons beyond the boundaries of that property,’” and “‘disturbance to or interference with the peaceful use of the property of others’” not unconstitutionally vague).

[¶23] The party challenging the constitutionality of a statute has the burden of proving its constitutional infirmity.  
Best Products Co., Inc. v. Spaeth
, 461 N.W.2d 91, 96 (N.D. 1990).  Salsman has not met that burden.  We conclude N.D.C.C. § 42-

01-01(1) and Fargo’s nuisance ordinances are not void for vagueness.

VII

[¶24] Salsman argues the city and state nuisance laws are unconstitutionally overbroad because they prohibit him from storing, accumulating, or parking his personal property or the property of others on his real property in violation of N.D. Const. art. I, § 1, which grants him the right of “acquiring, possessing, and protecting property.”

[¶25] This Court explained the overbreadth doctrine in 
City of Fargo v. Stensland
, 492 N.W.2d 591, 593 (N.D. 1992):

The doctrine of overbreadth prohibits the law from criminalizing constitutionally protected activity.  
State v. Tibor
, 373 N.W.2d 877, 880 (N.D. 1985), “A governmental purpose to control or prevent activities constitutionally subject to state regulations may not be achieved by means which sweep unnecessarily broad and thereby invade the area of protected freedoms.”  
Zwickler v. Koota
, 389 U.S. 241, 250 (1967); cited in 
State v. Tibor
, 
supra
.  In reviewing overbreadth claims, we first consider whether the statute infringes upon a “substantial amount of constitutionally protected conduct.”  
Village of Hoffman Estates v. Flipside
, 455 U.S. 489, 494 (1982).

“[I]nvalidation of legislation under the overbreadth doctrine is ‘manifestly, strong medicine’ which should be used ‘sparingly and only as a last resort,’ and . . . ‘the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute’s plainly legitimate sweep.’”  
McCrothers Corp. v. City of Mandan
, 2007 ND 28, ¶ 27, 728 N.W.2d 124 (quoting 
Broadrick v. Oklahoma
, 413 U.S. 601, 613, 615 (1973)).

[¶26] The state nuisance law and Fargo’s nuisance ordinances do not prohibit the possession and accumulation of property on Salsman’s premises, but merely prohibit the possession and accumulation of the property in a manner which creates a nuisance on the property.  Salsman has cited no case law holding nuisance provisions similar to the laws challenged here are unconstitutionally overbroad, or any authority suggesting he has a constitutional right to maintain a nuisance on his property.  Salsman is free to store and accumulate property on the premises so long as it does not create a nuisance.  We conclude the city and state nuisance laws are not unconstitutionally overbroad.  
See, e.g.
, 
Seiber
, 403 N.E.2d 90, 91, 94 (nuisance ordinance prohibiting maintaining an “‘unsightly yard or premises where there is an accumulation or deposit’” of various items not overbroad when “the ordinance did not interfere with defendant beyond a point necessary to correct the evil”); 
Scurfield Coal, Inc.
, 582 A.2d at 695, 697 (nuisance ordinance prohibiting condition on property causing “‘annoyance or discomfort to persons,’” “‘interference with the health and/or safety of persons,’” and “‘disturbance to or interference with the peaceful use of the property of others’” not unconstitutionally overbroad).

VIII

[¶27] Salsman raises a sophistic argument that Fargo has no authority to “define” a nuisance by ordinance because N.D.C.C. § 40-05-01(44) gives a municipality only the power to “
declare
 what shall constitute a nuisance.”  (Emphasis added).  “Declare” means “to make known formally, officially, or explicitly.”  
Merriam Webster’s Collegiate Dictionary
 323 (11th ed. 2003).  We are satisfied that N.D.C.C. § 40-05-01(44) gives Fargo the power to declare a definition of a nuisance.

IX

[¶28] The other issues raised by Salsman are either without merit or unnecessary to resolve in view of our disposition of this case.  We affirm the judgment.

[¶29] Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.