2010 ND 55

**Rachel SEILER, Appellant**

v.

**STATE OF NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES, Appellee.**

No. 20090305.

Supreme Court of North Dakota.

April 6, 2010.

Lynn M. Boughey, Bismarck, ND, for appellant.

Andrew Moraghan, Assistant Attorney General, Bismarck, ND, for appellee.

CROTHERS, Justice.

[¶ 1] Rachel Seiler appeals the district court judgment affirming the North Dakota Department of Human Services' decision that services are required to remedy the physical neglect of Seiler's child. We affirm.

I

[¶ 2] Seiler was reported for suspected child neglect in November 2007. Burleigh County Social Services investigated the report, conducting interviews with Seiler, her reportedly neglected child and the reporting individual. The investigation results were presented to the Burleigh County Child Protection Team, which determined that Seiler had physically neglected her child and that services were required to address the child's health and hygiene.

[¶ 3] Seiler appealed the Child Protection Team's decision, and an administrative hearing was held on October 9, 2008. The child's medical records were introduced, and testimony was heard from the child's teacher and a social worker. The hearing officer concluded Seiler's child was neglected and recommended affirmance of the Child Protection Team's decision. The Department's executive director adopted the hearing officer's recommended findings of fact and conclusions of law, affirming the Child Protection Team's decision that services are required to remedy the physical neglect of Seiler's child. Seiler appealed to the district court, which also affirmed the Child Protection Team's decision. Seiler timely filed this appeal.

II

[¶ 4] Seiler alleges the administrative proceedings violated a number of her constitutional rights. Absent from Seiler's appeal, however, is an argument for reversal of the Child Protection Team's

decision requiring services. While Seiler does not address the underlying "services required" decision on this appeal, it was squarely addressed in her appeal to the district court, where she stated in her brief:

"The Court will note that the issue of whether the decision requiring services has not been appealed."

[¶ 5] The Administrative Agencies Practice Act requires this Court to affirm an order from an administrative agency unless it is determined:

"1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge."

N.D.C.C. § 28–32–46; *see also* N.D.C.C. § 28–32–49. Seiler would have us construe this statute to allow appeals based on alleged constitutional violations in administrative proceedings even if the resulting order of the agency is not appealed. No authority was cited for this position, and none could be found. To the contrary, such an interpretation would expand our scope of review for administrative proceedings beyond our scope of review for judicial proceedings, the latter of which is limited to final judgments and enumerated orders. *See Choice Fin. Group v. Schellpfeffer*, 2005 ND 90, ¶ 6, 696 N.W.2d 504.

[¶ 6] The Administrative Agencies Practice Act limits this Court's scope and procedure when reviewing administrative appeals, and while serving in this appellate capacity, "we must keep in mind the fact that we are examining the act of a coordinate branch of the government in a field in which it has paramount authority." *Shaw v. Burleigh County*, 286 N.W.2d 792, 795 (N.D.1979); N.D.C.C. § 28–32–46. This regard for the separation of powers is a mutual consideration, and we have stated,

"Generally, the legislature is precluded from imposing nonjudicial powers upon the courts, and the doctrine of the separation of powers prohibits the legislature from providing for a review which is too intensive—a review which in fact would constitute the delegation of nonjudicial functions to the judiciary."

*Barnes County v. Garrison Diversion Conservancy Dist.*, 312 N.W.2d 20, 25 (N.D.1981) (quotation omitted). Further, the North Dakota Constitution expressly prohibits legislative imposition of nonjudicial duties on this Court, and "[t]he debates of the Constitutional Convention leave no doubt that it was the deliberate judgment of the framers of the State Constitution that Judges of the Supreme Court ... should not be required, or authorized, to give advisory opinions." *Langer v. State*, 69 N.D. 129, 154–55, 284 N.W. 238, 252 (1939); N.D. Const. art. VI, § 10.

[¶ 7] Seiler's interpretation of N.D.C.C. § 28–32–46 suggests that the legislature, through the Administrative

656

Agencies Practice Act, requires this Court to issue advisory opinions in cases where an appeal from an administrative agency challenges the administrative proceedings but not their end result. Her interpretation fails because we are constitutionally prohibited from issuing advisory opinions and because "[w]e construe statutes to avoid constitutional infirmities." *City of Fargo v. Salsman*, 2009 ND 15, ¶ 21, 760 N.W.2d 123.

[¶ 8] Seiler's failure to appeal the Child Protection Team's decision requiring services prevents our review of her constitutional challenges to the administrative proceedings below. Her assertion that the Administrative Agencies Practice Act allows the appeal of administrative proceedings without attacking the underlying administrative decision is incorrect because it suggests the legislature violated the separation of powers by requiring that this Court issue advisory opinions in cases such as this.

III

[¶ 9] We affirm the district court's judgment affirming the Child Protection Team's decision that services are required to remedy the neglect of Seiler's child.

[¶ 10] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, J., concur.

KAPSNER, Justice, concurring.

[¶ 11] I join in the result reached by the majority, but not in the analysis. Although Seiler argues that her constitutional rights were violated, neither party has argued or briefed the constitutional analysis of separation of powers offered by the majority opinion. I am hesitant to join in an opinion that suggests analyzing whether the constitutional rights of a person who has encountered the power of the state were violated is a "nonjudicial dut[y]"

without benefit of appropriate briefing. Instead, the decision can be reached on the narrow basis that review of the issue Seiler raises is unnecessary to the decision. The Department of Human Services took action based upon testimony given by the child's teacher and a social worker. A review of Seiler's assertion of privilege is unnecessary. Seiler refused to testify on the matters at issue. Other testimony supports the action of the Department. I would affirm.

[¶ 12] Dale V. Sandstrom, J., concurs.