2011 ND 190

Ben SIMONS, Plaintiff and Appellant

v.

STATE of North Dakota, DEPARTMENT OF HUMAN SERVICES, Defendant and Appellee.

No. 20110012.

Supreme Court of North Dakota.

Sept. 15, 2011.

Rodney Ervin Pagel, Bismarck, N.D., for plaintiff and appellant.

Andrew Moraghan, Assistant Attorney General, Office of Attorney General, Bismarck, N.D., for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Ben Simons appealed from a district court judgment affirming an order of the Department of Human Services finding that Simons had abused his two-year-old child and that services were required. We affirm, concluding the Department's findings that Simons had inflicted bodily injury, as defined by statute, upon the child and used unreasonable force are supported by a preponderance of the evidence and the relevant statutory provisions governing child abuse are not unconstitutionally overbroad or vague.

I

[¶ 2] Ben and Traci Simons are married and have six children. In addition, at the time of the incidents in this case, two other children were living with them, a foster child and a child for whom they were guardians. Ben and Traci Simons required their children to always respond to a parent in a respectful manner and to use the phrases "yes, sir" or "yes, ma'am."

[¶ 3] In 2009, while the Simons family was attending church, their two-year-old child refused to use the phrases "yes, sir" and "yes, ma'am" when responding to his parents. Ben Simons took the child outside and swatted him twice on his bottom. When they went back inside, Traci Simons was able to get the child to say "yes, sir" and "yes, ma'am."

[¶ 4] Later that evening, after returning home, the child again refused to respond to Ben Simons with "yes, sir." Ben Simons took the child to an upstairs bedroom and explained to him that he would be spanked if he did not say "yes, sir." When the child continued his refusal, Ben Simons placed him over his knee and struck him on his buttocks three times with a wooden backscratcher. The child was wearing pants and a diaper. Ben Simons then hugged and consoled the child for approximately fifteen minutes, explained the consequences if he refused to say "yes, sir," and emphasized to the child that he needed to show respect to his parents. He then gave the child the opportunity to say "yes, sir," and the child again refused. Ben Simons repeated the three swats with the wooden backscratcher, and again consoled and spoke with the child for approximately fifteen minutes.

[¶ 5] This cycle of three swats and fifteen minutes of consoling the child, each time telling the child the spankings would stop if he said "yes, sir," was repeated eight times over a two-hour period, with the child receiving approximately 24 swats with the wooden backscratcher. The child cried after each spanking, and occasionally began crying before the spankings were administered when he was placed over Ben Simons' knee. Ben Simons characterized the incident as a "power struggle" between himself and the child. After two hours, Ben Simons decided the punishment was not working, and he and Traci Simons decided to try "time-outs" to get the child to obey and say "yes, sir" and "yes, ma'am." When subsequently changing the child's diaper, Ben and Traci Simons discovered the child had two purple bruises the size of fifty-cent pieces on his buttocks.

[¶ 6] Two days later, Stark County Social Services received a report of suspected child abuse regarding the child. A child protection social worker investigated the report and observed the bruises on the child's buttocks. Upon completion of the investigation, Stark County Social Services found the child was an abused child and issued a "services required" finding. Ben Simons requested a hearing, and an administrative law judge ("ALJ") was assigned. Following a hearing, the ALJ issued recommended findings of fact, conclusions of law, and order finding that, although Ben and Traci Simons generally

showed many strengths as parents and the children were healthy and well cared for and exhibited appropriate behavior, Ben Simons had abused the child and had used unreasonable force. The ALJ recommended affirming the finding of "services required." The Department's executive director amended certain parts of the recommended findings of fact, conclusions of law, and order, and issued a final order determining that Ben Simons had committed abuse of the child and that services were required. Ben Simons appealed to the district court, which affirmed the Department's order.

[¶ 7] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 28–32–42. The appeal to this Court was timely under N.D.C.C. § 28–32–49 and N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–32–49.

## II

[¶ 8] Under the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, courts exercise only a limited review of administrative agency decisions. *Kaspari v. Olson*, 2011 ND 124, ¶ 5, 799 N.W.2d 348; *Frokjer v. North Dakota Bd. of Dental Exam'rs*, 2009 ND 79, ¶ 9, 764 N.W.2d 657. The district court under N.D.C.C. § 28–32–46, and this Court under N.D.C.C. § 28–32–49, must affirm an administrative agency decision unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46. In determining whether an administrative agency's findings of fact are supported by a preponderance of the evidence, we do not make independent findings of fact or substitute our judgment for that of the agency; rather, we determine only whether a reasoning mind reasonably could have determined the agency's factual findings were proven by the weight of the evidence from the entire record. *Kaspari*, at ¶ 6; *Workforce Safety & Ins. v. Auck*, 2010 ND 126, ¶ 9, 785 N.W.2d 186.

## III

[¶ 9] Ben Simons challenges the Department's findings leading to the determination that the child was an "abused child." Resolution of these issues requires an analysis of the complex maze of statutes governing the determination whether a child is an abused child.

[¶ 10] Under N.D.C.C. § 50–25.1–02(3), an "abused child" is defined as "an individual under the age of eighteen years who is suffering from abuse as defined in subdivision a of subsection 1 of section 14–09–22 caused by a person responsible for the child's welfare." Section 14–09–22(1)(a), N.D.C.C., provides:

Except as provided in subsection 2 or 3, a parent ... who willfully commits any of the following offenses is guilty of a class C felony except if the victim of an offense under subdivision a is under the age of six years in which case the offense is a class B felony:

a. Inflicts, or allows to be inflicted, upon the child, bodily injury, substantial bodily injury, or serious bodily injury as defined by section 12.1–01–04 or mental injury.

"Bodily injury" is defined in N.D.C.C. § 12.1–01–04(4) as "any impairment of physical condition, including physical pain." Read together in the context of this case, these statutes provide that an abused child includes one whose parent has willfully inflicted impairment of physical condition, including physical pain, upon the child.

[¶ 11] When force is used by a parent to promote the child's welfare, including punishment of misconduct or maintenance of discipline, an additional element is engrafted onto the determination whether a child is an abused child under N.D.C.C. § 50–25.1–02(3). Section 12.1–05–05(1), N.D.C.C., provides:

The use of force upon another person is justified under any of the following circumstances:

1. Except as provided in section 15.1–19–02, a parent, guardian, or other person responsible for the care and supervision of a minor ... may use reasonable force upon the minor for the purpose of safeguarding or promoting the minor's welfare, including prevention and punishment of the minor's misconduct, and the maintenance of proper discipline. The force may be used for this purpose, whether or not it is "necessary" as required by subsection 1 of section 12.1–05–07. The force used

must not create a substantial risk of death, serious bodily injury, disfigurement, or gross degradation.

Because the legislature tied the determination of whether a child is an "abused child" under N.D.C.C. § 50–25.1–02(3) to whether the child has suffered abuse as defined in N.D.C.C. § 14–09–22(1)(a), which is the criminal child abuse statute, the legislature also necessarily incorporated the justification statute into the definition of "abused child." Thus, because a parent who uses reasonable force to discipline his child has not committed child abuse under N.D.C.C. § 14–09–22(1)(a), the child therefore has not suffered abuse as defined in N.D.C.C. § 14–09–22(1)(a) and is not an "abused child" under N.D.C.C. § 50–25.1–02(3). Accordingly, a parent's use of reasonable force to prevent or punish misconduct or maintain discipline may not provide the basis for a finding that a child is an abused child.

A

[¶ 12] Ben Simons contends the Department failed to show he had inflicted bodily injury upon the child, arguing a bruise does not constitute an impairment of physical condition and there was insufficient evidence to establish the child had suffered physical pain from the spankings.

[¶ 13] The threshold showing required to establish child abuse was dramatically lowered by the legislature in 2007. Prior to that amendment, N.D.C.C. § 50–25.1–02(3) defined an abused child, in pertinent part, as "an individual under the age of eighteen years who is suffering from *serious physical harm or traumatic abuse* caused by other than accidental means by a person responsible for the child's welfare." 2007 N.D. Sess. Laws ch. 431, § 1 (emphasis added); *see Raboin v. North Dakota Dep't of Human Servs.*, 552 N.W.2d 329, 334 (N.D.1996); *Walton v.*

*North Dakota Dep't of Human Servs.,* 552 N.W.2d 336, 340 (N.D.1996). In *Raboin* and *Walton,* this Court held that evidence that children had been spanked, including some resulting bruising, was insufficient to support a finding that the children in those cases had suffered serious physical harm or traumatic abuse. *Raboin,* at 334; *Walton,* at 341.

[¶ 14] The standard, however, is now significantly lower, incorporating the definition of bodily injury in N.D.C.C. § 12.1–01–04(4), which requires only a showing of "any impairment of physical condition, including physical pain." The effect of this broadening of the definition of child abuse is that it now correlates to the standard for establishing simple assault. *See* N.D.C.C. § 12.1–17–01(1)(a) (a person is guilty of simple assault if that person willfully causes bodily injury to another person). This Court has held that the "bodily injury" standard of N.D.C.C. § 12.1–01–04(4) is satisfied if the evidence establishes that a person "willfully engaged in activity resulting in physical pain to" another person. *State v. Morales,* 2004 ND 10, ¶ 28, 673 N.W.2d 250. The sole evidence of bodily injury in *Morales* was testimony that the defendant had thrown a mug at the victim, which hit him in the back of the neck and caused him to suffer some undefined amount of physical pain. *Id.* This Court held the evidence was sufficient to support the conviction. *Id.* at ¶ 29.

[¶ 15] Under the current statutory standards, we conclude a reasoning mind reasonably could determine the Department's finding that Ben Simons willfully inflicted an impairment of physical condition, including physical pain, upon the child was proven by the weight of the evidence from the entire record. There was evidence that Ben Simons struck the child approximately 24 times over a two-hour period with a wooden backscratcher. Although administered through a pair of pants and a diaper, the force of the spankings caused two large purple bruises the size of fifty-cent pieces on the child's buttocks. The bruises were still present several days later when the child protection social worker observed the child with his diaper off. There was evidence, including admissions from Ben Simons, that the child cried each time he was spanked and that the spankings were causing pain to the child.

[¶ 16] There is little question that if Ben Simons had struck a stranger 24 times with a wooden backscratcher, causing bruising and crying, it would be deemed sufficient to find that he had "willfully engaged in activity resulting in physical pain to" the victim and committed simple assault. *See Morales,* 2004 ND 10, ¶ 28, 673 N.W.2d 250. The standard is the same here. Under the circumstances presented in this case, we conclude the Department's findings that the child suffered an impairment of physical condition, including physical pain, and that Ben Simons had inflicted bodily injury upon the child were supported by a preponderance of the evidence.

B

[¶ 17] The finding that Ben Simons inflicted bodily injury upon the child does not end the inquiry in this case. Ben Simons contends his actions constituted the use of reasonable force to discipline his child, which is justified under N.D.C.C. § 12.1–05–05(1).

[¶ 18] This Court has held N.D.C.C. § 12.1–05–05(1) gives parents the right to use reasonable force to discipline their children. *Lechler v. Lechler,* 2010 ND 158, ¶ 19, 786 N.W.2d 733; *Dinius v. Dinius,* 1997 ND 115, ¶¶ 15–16, 564 N.W.2d 300. By its terms, the statute provides that a

parent "may use reasonable force upon the minor for the purpose of safeguarding or promoting the minor's welfare, including prevention and punishment of the minor's misconduct, and the maintenance of proper discipline." N.D.C.C. § 12.1–05–05(1). The last sentence of the statute further provides that "[t]he force used must not create a substantial risk of death, serious bodily injury, disfigurement, or gross degradation." *Id.*

[¶ 19] The parties question whether the last sentence of the statute provides an exclusive list of the types of force which will be considered unreasonable under the statute, or whether lesser degrees of force may be found to be unreasonable and unprotected by the statute. We do not construe the last sentence to be an exclusive listing, but merely a legislative acknowledgment that use of force creating a substantial risk of death, serious bodily injury, disfigurement, or gross degradation is per se unreasonable when purportedly used for disciplinary purposes. Other degrees of force may be found to constitute unreasonable force under the statute when considering the totality of the circumstances in a particular case.

[¶ 20] The Department clearly articulated the basis for its finding that Ben Simons' actions in this case did not constitute reasonable force under N.D.C.C. § 12.1–05–05(1):

> Ben intentionally inflicted upon [the child] substantial pain through force, *i.e.* spankings with a wooden back scratcher, over a two hour period, a total of 24 whacks on his bottom that were indeed forceful enough to cause bruises on both cheeks of his bottom despite the fact that he had a diaper and pants on. And, all of this was not because [the child]

was misbehaving but because he did not have the proper manners or show respect in response to whatever Ben said to him that evening. This all happened to a two year old! . . .

> Again, all of the factors involved in the spankings, the length of time they went on, the number of spankings, the fact that obvious excessive force was used to cause bruises and the fact that [the child] was a two year old who was not misbehaving but disobedient in a response to his father, must be considered. The force was unreasonable under the circumstances.

[¶ 21] This case involved what Ben Simons described as a two-hour "power struggle" with his two-year-old child over the child's refusal to say "yes, sir," resulting in the child being struck 24 times with a wooden backscratcher with sufficient force to create large purple bruises that were still visible days later. We conclude that a reasoning mind reasonably could determine the Department's finding that the force Ben Simons used was not reasonable force was proven by the weight of the evidence from the entire record. His use of force was therefore not justified under N.D.C.C. § 12.1–05–05(1) and did not preclude a finding that the child was an abused child under N.D.C.C. § 50–25.1–02(3).

## IV

[¶ 22] Ben Simons contends the child abuse statutes are unconstitutionally overbroad and vague.

[¶ 23] The determination whether a statute is unconstitutional is a question of law, which is fully reviewable on appeal. *State v. Holbach*, 2009 ND 37, ¶ 23, 763 N.W.2d 761; *Teigen v. State*,

2008 ND 88, ¶ 7, 749 N.W.2d 505. All regularly enacted statutes carry a strong presumption of constitutionality, which is conclusive unless the party challenging the statute clearly demonstrates that it contravenes the state or federal constitution. *Teigen*, at ¶ 7; *Grand Forks Prof'l Baseball, Inc. v. North Dakota Workers Comp. Bureau*, 2002 ND 204, ¶ 17, 654 N.W.2d 426. Any doubt about a statute's constitutionality must, when possible, be resolved in favor of its validity. *State v. M.B.*, 2010 ND 57, ¶ 4, 780 N.W.2d 663; *Hoffner v. Johnson*, 2003 ND 79, ¶ 8, 660 N.W.2d 909. The power to declare a legislative act unconstitutional is one of the highest functions of the courts, and that power must be exercised with great restraint. *Teigen*, at ¶ 7; *MCI Telecomm. Corp. v. Heitkamp*, 523 N.W.2d 548, 552 (N.D.1994). The presumption of constitutionality is so strong that a statute will not be declared unconstitutional unless its invalidity is, in the court's judgment, beyond a reasonable doubt. *In re Craig*, 545 N.W.2d 764, 766 (N.D.1996); *MCI*, at 552. The party challenging the constitutionality of a statute has the burden of proving its constitutional infirmity. *State v. Brown*, 2009 ND 150, ¶ 30, 771 N.W.2d 267; *City of Fargo v. Salsman*, 2009 ND 15, ¶ 23, 760 N.W.2d 123.

### A

[¶ 24] Ben Simons contends the child abuse statutes are unconstitutionally overbroad because they could be applied to a parent who unintentionally bruised or caused pain to his child and to a parent whose child engages in certain normal, everyday activities.

[¶ 25] This Court summarized the overbreadth doctrine in *Salsman*, 2009 ND 15, ¶ 25, 760 N.W.2d 123 (quoting *City of Fargo v. Stensland*, 492 N.W.2d 591, 593 (N.D.1992)):

> The doctrine of overbreadth prohibits the law from criminalizing constitutionally protected activity. *State v. Tibor*, 373 N.W.2d 877, 880 (N.D.1985)[.] "A governmental purpose to control or prevent activities constitutionally subject to state regulations may not be achieved by means which sweep unnecessarily broad and thereby invade the area of protected freedoms." *Zwickler v. Koota*, 389 U.S. 241, 250 [88 S.Ct. 391, 19 L.Ed.2d 444] (1967); cited in *State v. Tibor, supra.* In reviewing overbreadth claims, we first consider whether the statute infringes upon a "substantial amount of constitutionally protected conduct." *Village of Hoffman Estates v. Flipside*, 455 U.S. 489, 494 [102 S.Ct. 1186, 71 L.Ed.2d 362] (1982).

Application of the overbreadth doctrine to invalidate legislation is "manifestly, strong medicine" which should be used "sparingly and only as a last resort," and "the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *McCrothers Corp. v. City of Mandan*, 2007 ND 28, ¶ 27, 728 N.W.2d 124 (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 613, 615, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973)); accord *Brown*, 2009 ND 150, ¶ 29, 771 N.W.2d 267; *Salsman*, at ¶ 25.

[¶ 26] Ben Simons' arguments are premised on a misreading of the statutes. He contends the child abuse statutes are overbroad because a child could be found to be abused if a parent unintentionally bruised or caused pain to the child. The child abuse statutes, however, apply only when the parent "willfully" inflicts bodily injury upon the child. *See* N.D.C.C. § 14–09–22(1)(a). Therefore, a parent's conduct that accidentally causes bodily in-

jury, including bruising or physical pain, would not provide the basis for a finding that a child is an abused child.

[¶ 27] Ben Simons also argues the child abuse statutes could be applied to numerous everyday incidents, such as participation in organized sports, vaccinations by a physician, minor spankings, and grabbing a child to prevent him from running into the path of a bus. Again, Ben Simons misconstrues the reach of the child abuse statutes, which would not apply in any of those situations. We have previously noted that under N.D.C.C. § 12.1–05–05(1), reasonable force used to safeguard or promote the child's welfare, including punishment and discipline, may not provide the basis for a finding that a child is an abused child under N.D.C.C. § 50–25.1–02(3). Each of the examples relied upon by Ben Simons would constitute reasonable force used to safeguard or promote the child's welfare and would not fall within the ambit of the child abuse statutes.

[¶ 28] We conclude Ben Simons has failed to clearly demonstrate the child abuse statutes are unconstitutionally overbroad and contravene the state or federal constitution.

B

[¶ 29] Ben Simons argues the child abuse statutes are unconstitutionally vague.

[¶ 30] This Court summarized the vagueness doctrine in *Salsman*, 2009 ND 15, ¶ 21, 760 N.W.2d 123 (quoting *City of Belfield v. Kilkenny*, 2007 ND 44, ¶ 10, 729 N.W.2d 120):

All laws must meet two requirements to survive a void-for-vagueness challenge: (1) the law must create minimum guidelines for the reasonable police officer, judge, or jury charged with enforcement of the statute; and (2) the law must provide a reasonable person with adequate and fair warning of the proscribed conduct.

We employ a "reasonable person" standard when reviewing statutes to determine whether these two dictates are satisfied, viewing the statute from the standpoint of a reasonable person who might be subject to its terms when determining whether the meaning of the statute is fairly ascertainable and whether adequate warning is given. *Brown*, 2009 ND 150, ¶ 33, 771 N.W.2d 267; *Salsman*, at ¶ 21; *Kilkenny*, at ¶ 10. We have recognized "[a] statute is not unconstitutionally vague 'if the challenged language, when measured by common understanding and practice, gives adequate warning of the conduct proscribed and marks boundaries sufficiently distinct for fair administration of the law.'" *State v. Holbach*, 2009 ND 37, ¶ 24, 763 N.W.2d 761 (quoting *In re Disciplinary Action Against McGuire*, 2004 ND 171, ¶ 19, 685 N.W.2d 748). A statute is not unconstitutionally vague merely because it does not specifically state all of the various ways it may be violated. *Holbach*, at ¶ 24.

[¶ 31] Ben Simons contends the phrases "or allows to be inflicted" in N.D.C.C. § 14–09–22(1)(a) and "impairment of physical condition, including physical pain" in N.D.C.C. § 12.1–01–04(4) are so vague that they do not provide a reasonable person with adequate and fair warning of the proscribed conduct. Ben Simons does not, however, cite any case law or other authority addressing similar statutory language or holding similar statutes unconstitutionally vague, nor does he provide persuasive argument or cogent reasoning explaining why a reasonable

person would be unable to fairly ascertain the meaning of the challenged statutory language and determine what conduct was proscribed. The statute need not set out in explicit detail all possible factual scenarios that would fall within its reach; it need only give adequate and fair warning, when measured by the common understanding and practice of a "reasonable person," of the proscribed conduct. *See Holbach*, 2009 ND 37, ¶ 24, 763 N.W.2d 761; *Salsman*, 2009 ND 15, ¶ 21, 760 N.W.2d 123; *Kilkenny*, 2007 ND 44, ¶ 10, 729 N.W.2d 120.

[¶ 32] We conclude Ben Simons has failed to clearly demonstrate the child abuse statutes are unconstitutionally vague and contravene the state or federal constitution.

### V

[¶ 33] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit. The district court judgment affirming the Department's order is affirmed.

[¶ 34] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, concur.