2008 ND 115

**Eric John PETERSON, Petitioner and Appellee**

v.

**Francis G. ZIEGLER, Director, N.D. Department of Transportation, Respondent and Appellant.**

**No. 20070275.**

Supreme Court of North Dakota.

June 9, 2008.

Mandy R. Maxon (argued), and Timothy Q. Purdon (appeared), Vogel Law Firm, Bismarck, N.D., for petitioner and appellee.

Michael Trent Pitcher, Assistant Attorney General, Office of Attorney General, Bismarck, N.D., for respondent and appellant.

MARING, Justice.

[¶ 1] The Department of Transportation appeals from a judgment reversing its decision to revoke Eric John Peterson's driving privileges for 365 days. We con-

clude the district court erred in reversing the Department's decision on the ground that the Department's brief was not timely filed. Because Peterson was not harmed by the arresting officer's failure to recite the implied consent advisory before Peterson chose to submit to a blood-alcohol test, we further conclude the test results were properly admitted in evidence and the Department had the authority to revoke Peterson's driving privileges. We reverse the judgment and reinstate the Department's decision.

## I

[¶ 2]   At approximately 11:46 p.m. on March 22, 2007, a Burleigh County deputy sheriff stopped Peterson near Bismarck because his pickup did not have a working rear license plate light. After smelling alcohol on Peterson's breath, the deputy asked Peterson to submit to field sobriety tests. Peterson failed the tests. The deputy gave Peterson the implied consent advisory regarding the loss of driving privileges if he refused to submit to a test. Peterson took the S–D2 onsite screening test, and the device estimated Peterson's blood-alcohol concentration to be .10 percent by weight. The deputy placed Peterson under arrest and asked Peterson to submit to a blood-alcohol test, but the deputy did not repeat the implied consent advisory. Peterson consented to the blood-alcohol test, and the results showed Peterson had a blood-alcohol concentration of .09 percent by weight. Following an administrative hearing, the Department suspended Peterson's driving privileges for 365 days.

[¶ 3]   Peterson appealed the Department's decision to district court. The court summarily reversed the Department's decision without reaching the merits and restored Peterson's driving privileges. The court ruled reversal was required because the Department failed "to file a brief within ten days of the service of the appellant's brief."

## II

[¶ 4]   On appeal, the Department argues the district court erred in reversing its decision to revoke Peterson's driving privileges for 365 days.

[¶ 5]   This Court exercises a limited review in appeals involving driver's license suspensions and revocations. *May v. Sprynczynatyk*, 2005 ND 76, ¶ 5, 695 N.W.2d 196. We will affirm the Department's decision unless:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46.

## A

[¶ 6]   The Department argues the district court erred in reversing its deci-

sion on the ground that its brief was not timely filed.

[¶ 7] After Peterson filed his appeal, the District Court Administrator sent the parties letters stating:

> The above entitled matter has been assigned to the Honorable BRUCE B. HASKELL. The appellant's brief must be submitted on or before JULY 3, 2007. The appellee's brief shall be served and filed within 10 days after service of the appellant's brief.

Peterson served his brief on July 2, 2007, and it was filed with the district court on July 3, 2007. The Department served its brief on July 18, 2007, and it was filed with the court on July 19, 2007. The Department contends, and Peterson concedes, that if the time computation rules in N.D.R.Civ.P. 6 apply, the Department's brief was timely filed on July 19, 2007, the same day the court summarily reversed the Department's decision. Peterson argues the district court had the inherent authority to modify or dispense with the normal time computation rules in N.D.R.Civ.P. 6 and the court did not abuse its discretion in imposing reversal as a sanction for the Department's failure to follow the court's scheduling order. *See Bachmeier v. Wallwork Truck Ctrs.*, 544 N.W.2d 122, 125 (N.D.1996) ("Sanctions based on th[e] inherent power [of a district court] will be overturned on appeal only upon a showing of abuse of discretion").

[¶ 8] Peterson primarily relies on *Ringsaker v. North Dakota Workers Comp. Bureau*, 2003 ND 122, 666 N.W.2d 448, to support his argument. In *Ringsaker*, at ¶ 3, the Bureau requested an extension of time to file a brief and included a proposed order stating the Bureau " 'shall have until August 2, 2002 in which to file its appellee's brief in this matter,' " which the court signed. The Bureau mailed its brief on August 2, 2002, but the actual filing occurred on August 5, 2002, and the district court entered judgment in favor of the injured worker because the brief was filed late. *Id.* at ¶ 4. Noting that litigants have an " 'unflagging duty to comply with clearly communicated case-management orders,' " this Court ruled the failure to timely file the brief was an event for which the district court could impose a sanction, but concluded the court abused its discretion in imposing the sanction because it failed to consider prejudice and the availability of less severe sanctions than requiring the Bureau to accept the injured worker's claim. *Id.* at ¶¶ 10, 14 (quoting *Rosario–Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir.1998)).

[¶ 9] *Ringsaker* is distinguishable because, unlike the situation in that case, the Department did not violate a clearly communicated case-management order. The letter from the District Court Administrator contains no date certain for the Department's brief to be filed. The letter says only "within 10 days after service of the appellant's brief," and does not specify that the time computation rules in N.D.R.Civ.P. 6 do not apply. Generally, N.D.R.Civ.P. 6 applies to an appeal from an administrative agency decision unless the provisions of the rule conflict with a governing statute. *See Shafer v. Job Service North Dakota*, 464 N.W.2d 390, 391–92 (N.D.1990). While a district court may have the inherent authority to shorten time periods or dispense with the time computation rules in N.D.R.Civ.P. 6 under some circumstances, the court must provide notice that it is doing so. The District Court Administrator's letter did not give notice that the usual time computation rules in N.D.R.Civ.P. 6 do not apply. Moreover, the district court simply reversed the Department's decision without considering prejudice to Peterson or less severe sanctions.

[¶ 10] We conclude the district court abused its discretion in reversing the Department's decision on the ground that the Department's brief was untimely filed.

## B

■ [¶ 11] The dispositive issue on the merits in this case is whether Peterson is entitled to prevail because the arresting officer failed to repeat the implied consent advisory before Peterson consented to a blood-alcohol test. We may decide the question without first remanding to the district court for consideration of the issue. *See Peterson v. Director, North Dakota Dep't of Transp.*, 536 N.W.2d 367, 370 (N.D.1995).

[¶ 12] This case is controlled by our recent decision in *Brewer v. Ziegler*, 2007 ND 207, 743 N.W.2d 391. In *Brewer*, at ¶ 22, the driver argued the arresting officer's failure to give her the implied consent advisory under N.D.C.C. § 39–20–14 before submitting to an SD–2 screening breath test required exclusion of the preliminary breath test results. At the pertinent time, N.D.C.C. § 39–20–14 provided in relevant part that "[t]he officer shall inform the person that refusal of the person to submit to a screening test will result in a revocation for up to three years of that person's driving privileges." (Amended effective August 1, 2007, to allow for revocation up to four years; *see* 2007 N.D. Sess. Laws ch. 325, § 6). In rejecting the driver's argument, we reasoned:

> The implied consent advisory informs a person that refusal to submit to a screening test will result in revocation of the person's driving privileges. The advisory is meant to inform a person of the severe consequences of refusing to take a screening test. Here, Brewer consented to take a screening test without the advisory being given to her. Brewer cites no authority to support her ar-

gument that preliminary test results must be excluded when a person voluntarily submits to a screening test without being given the implied consent advisory. Because Brewer did not refuse to take the screening test, she was not prejudiced by Arman's failure to give the advisory, and her argument is without merit.

*Brewer*, at ¶ 23.

[¶ 13] The same rationale applies in this case. Section 39–20–01, N.D.C.C., similarly provides that "[t]he law enforcement officer shall also inform the person charged that refusal of the person to submit to the test determined appropriate will result in a revocation for up to four years of the person's driving privileges." The implied consent advisory under N.D.C.C. § 39–20–01 serves the identical purpose of informing the person of the severe consequences of refusing to take a chemical test. Because Peterson consented to the blood-alcohol test, he was not harmed by the deputy's failure to repeat the implied consent advisory. Consequently, the blood-alcohol test results were properly admitted in evidence and the Department had the authority to revoke Peterson's driving privileges.

[¶ 14] We conclude the Department did not err in revoking Peterson's driving privileges for 365 days.

## III

[¶ 15] It is unnecessary to address the other arguments raised. We conclude the Department's findings of fact are supported by a preponderance of the evidence, the conclusions of law are sustained by the findings of fact, and the decision is supported by the conclusions of law. The judgment is reversed and the Department's decision is reinstated.

[¶ 16] GERALD W. VANDE WALLE, C.J., RICHARD LEE HAGAR, D.J.,

MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.

[¶ 17] The Honorable RICHARD LEE HAGAR, D.J., sitting in place of KAPSNER, J., disqualified.