2008 ND 230

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Patrick SALTER, Defendant and Appellant.**

**No. 20080080.**

Supreme Court of North Dakota.

Dec. 16, 2008.

Tyrone Jay Turner, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Danny Lee Herbel, The Regency Business Center, Bismarck, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Patrick Salter appeals from his conviction for driving under the influence of an intoxicating liquor in violation of N.D.C.C. § 39–08–01, entered upon a conditional plea of guilty after the district court denied his motion to suppress. Salter argues the district court erred in denying his motion to suppress because he did not voluntarily consent to blood-alcohol testing. We affirm, concluding Salter's consent was implied and he did not affirmatively withdraw his consent.

I

[¶ 2] On October 14, 2007, North Dakota Highway Patrol Trooper Derek Arndt stopped Salter's vehicle. During the stop, Arndt questioned Salter about how much alcohol he had to drink that night and asked Salter to perform a few field sobriety tests. Salter failed these tests, and Arndt asked him to submit to a preliminary breath test. Arndt read the implied consent advisory to Salter, advising him that if he refused to submit to testing his driving privileges could be revoked for up to four years. Salter agreed to take the preliminary breath test, and the test was administered. Arndt arrested Salter for driving under the influence, and explained that he would be taking Salter to the hospital for a blood-alcohol test. Arndt informed Salter the implied consent they had discussed earlier also applied to the blood draw, and he testified Salter said, "yup, yes, go ahead, yup." A blood test was administered and the results showed Salter had a blood alcohol concentration level of .15% by weight.

[¶ 3] On December 26, 2007, Salter moved to suppress evidence arguing the blood test results should be suppressed because the test was performed without his consent. After a hearing, the district court denied Salter's motion and made oral findings. The district court found the statutory implied consent provisions had been complied with, Salter had been advised implied consent applied before the blood test was administered, and Salter indicated he understood. The court subsequently entered an order denying Salter's motion to suppress based on its findings during the hearing, and Salter conditionally pled guilty reserving the right to appeal the denial of his motion to suppress.

II

[¶ 4] Salter argues the district court erred in denying his motion to sup-

press the results of the blood test because he did not voluntarily consent to the test. Salter claims statutory implied consent does not apply because Arndt did not read the mandatory implied consent advisory a second time before the blood test, he did not understand what Arndt meant when he said implied consent still applied, and he did not know he could refuse to take the test. He contends Arndt was required to ask him to consent to a blood-alcohol test, he did not give actual consent to the test, and he felt compelled to take the test.

[¶ 5] When we review a district court's decision on a motion to suppress, our standard of review is well-established:

[T]his Court defers to the district court's findings of fact and resolves conflicts in testimony in favor of affirmance. This Court will affirm a district court decision regarding a motion to suppress if there is sufficient competent evidence fairly capable of supporting the district court's findings, and the decision is not contrary to the manifest weight of the evidence. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.

*City of Devils Lake v. Grove*, 2008 ND 155, ¶ 7, 755 N.W.2d 485 (citations and quotations omitted).

[¶ 6] The Fourth Amendment of the United States Constitution prohibits unreasonable searches and seizures, and this Court has recognized the extraction of blood is a search under the Fourth Amendment. *City of Fargo v. Wonder*, 2002 ND 142, ¶¶ 18–19, 651 N.W.2d 665. A warrantless search is unreasonable unless it falls within one of the recognized exceptions to the warrant requirement. *Id.* at ¶ 18. Consent is one exception to the warrant requirement, however, the consent must be voluntarily given. *Id.* at ¶ 20.

[¶ 7] Consent to submit to chemical testing is implied under N.D.C.C. § 39–20–01, which provides:

Any person who operates a motor vehicle on a highway or on public or private areas to which the public has a right of access for vehicular use in this state is deemed to have given consent, and shall consent, subject to the provisions of this chapter, to a chemical test, or tests, of the blood, breath, saliva, or urine for the purpose of determining the alcohol, other drug, or combination thereof, content of the blood. . . . The test or tests must be administered at the direction of a law enforcement officer only after placing the person . . . under arrest and informing that person that the person is or will be charged with the offense of driving or being in actual physical control of a vehicle upon the public highways while under the influence of intoxicating liquor, drugs, or a combination thereof. . . . The law enforcement officer shall also inform the person charged that refusal of the person to submit to the test determined appropriate will result in a revocation for up to four years of the person's driving privileges.

This statute requires the officer to advise the person about implied consent and inform the person of the severe consequences of refusing to consent to testing, including that the refusal will result in a loss of the person's driving privileges. *Brewer v. Ziegler*, 2007 ND 207, ¶ 23, 743 N.W.2d 391. The arresting officer does not have to use the exact language of N.D.C.C. § 39–20–01 in advising the driver to invoke the provisions of the implied consent law. *See Asbridge v. North Dakota State Highway Comm'r*, 291 N.W.2d 739, 746–48 (N.D.1980). If the statutory requirements have been complied with, a person's consent to the chemical testing is

implied and the person must affirmatively refuse to submit to the testing in order to withdraw the consent. *See State v. Mertz*, 362 N.W.2d 410, 413–14 (N.D.1985). If the person affirmatively refuses to submit to testing under N.D.C.C. § 39–20–01, the test may not be administered. N.D.C.C. § 39–20–04.

[¶ 8] While Salter admits he was read the implied consent advisory before he submitted to the preliminary breath test, he claims Arndt did not read him the implied consent advisory a second time after he was arrested and before the blood test was administered as N.D.C.C. § 39–20–01 requires. Salter argues, therefore, implied consent does not apply and the district court had to determine whether he gave actual voluntary consent to the blood test. However, Arndt testified at the suppression hearing that he told Salter implied consent still applied before the blood test was administered and Salter said, "yup, yes, go ahead, yup." There was also a video recording of the stop of Salter's vehicle and his arrest, which included audio of Arndt's conversation with Salter before the blood test was administered. The video recording supports Arndt's testimony.

[¶ 9] The district court found Salter had been informed about implied consent before he submitted to the blood test and he indicated he understood. While Salter argues he did not understand what Arndt meant when he advised Salter implied consent still applied before the blood test, we recognize the district court is in a superior position to weigh a witness's credibility and we resolve conflicts in testimony in favor of affirmance. *See City of Fargo v. Egeberg*, 2000 ND 159, ¶ 6, 615 N.W.2d 542. Here, the district court found Arndt's testimony about advising Salter implied consent applied was more credible than Salter's claims, Salter had been advised about implied consent, and he indicated he understood. The evidence supports the district court's findings.

[¶ 10] Salter was informed he was under arrest for driving under the influence, Arndt had advised him what implied consent was prior to his arrest, he was told implied consent applied to the blood test, and he indicated he understood. On the facts and circumstances of this case, we conclude the statutory procedures for implied consent were complied with, Salter's consent was implied under the statute, and he did not affirmatively withdraw his consent. The district court was not required to find Salter voluntarily gave actual consent for the blood test. We conclude the district court did not err in denying Salter's request to suppress the results of the blood-alcohol test.

### III

[¶ 11] We conclude the district court did not err in denying Salter's motion to suppress, and we affirm.

[¶ 12] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

SANDSTROM, Justice, concurring specially.

[¶ 13] In our recent case of *Peterson v. Ziegler*, 2008 ND 115, ¶¶ 12–14, 751 N.W.2d 201, the driver similarly claimed that because the arresting officer had not recited the implied consent advisory prior to a blood draw, the blood test results should have been suppressed. This Court rejected that claim, holding that the implied consent advisory serves the purpose of informing the person of the consequences of refusing to take a chemical test. *Id.* at ¶ 13. When a person submits to the blood-alcohol test, the person is not sub-

ject to the consequences of refusal and therefore is not harmed by the arresting officer's failure to repeat the implied consent advisory. *Id.*

[¶ 14]   DALE V. SANDSTROM