2009 ND 37

**STATE of North Dakota, Plaintiff
and Appellee**

v.

**Mitchell HOLBACH, Defendant
and Appellant.**

Nos. 20080002, 20080003.

Supreme Court of North Dakota.

April 2, 2009.

Rehearing Denied April 30, 2009.

Rozanna Christine Larson, Assistant State's Attorney, Minot, for plaintiff and appellee.

Jay Ryan Greenwood, North Dakota Public Defenders' Office, Dickinson, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Mitchell Holbach appeals from criminal judgments entered after a jury found him guilty of stalking and two charges of disobeying a judicial order. We affirm, concluding the district court did not err in denying Holbach's motion to exclude evidence because he was not engaged in constitutionally protected activities and because Holbach does not have standing to argue that N.D.C.C. § 12.1–17–07.1 is unconstitutionally vague.

I

[¶ 2] In July 2006, Holbach entered a guilty plea to a charge of stalking Joy Dixon. Holbach was sentenced to serve time in jail and placed on supervised probation for two years. As a condition of Holbach's probation, the court ordered that Holbach was not to have any contact with Dixon and was prohibited from being within 500 feet of Dixon, her residence and the schools her children attend. Both Holbach and Dixon live in Minot.

[¶ 3] In August 2006, Dixon reported to law enforcement that she often saw Holbach as she was driving around town. Over the next couple of months Dixon reported each time she saw Holbach, including when Holbach followed or passed her in his vehicle or when she saw him stopped at stop signs or other locations as she traveled around the city. She claimed that on one occasion he parked along the road on the route to her son's school, pulling out in front of her as she approached his location, that he took a picture as she passed him in her vehicle during one incident, and another time that he held up a sign but she did not see what it said. A couple of times she reported seeing him more than once in a day.

[¶ 4] In September 2006, Holbach petitioned for a disorderly conduct restraining order against Dixon. A temporary restraining order was issued, but after a hearing the order was dismissed. Holbach appealed, and this Court affirmed the order dismissing the temporary restraining order. *Holbach v. Dixon*, 2007 ND 60, 730 N.W.2d 613.

[¶ 5] In October 2006, the court revoked Holbach's probation and ordered Holbach to serve 167 days in jail, after

finding Holbach had been within 500 feet of Dixon on several occasions violating the conditions of his probation. Holbach appealed the district court order revoking his probation, and this Court affirmed. *State v. Holbach*, 2007 ND 114, 735 N.W.2d 862. Holbach was released from jail on the probation revocation in March 2007.

[¶ 6] After his release Dixon reported Holbach continued to follow and contact her. She claimed that she continued seeing him as she drove around town, that he occasionally followed her and that she often saw him sitting parked in a parking lot of a gas station or shopping center as she drove by. Dixon reported she was driving through town on March 30, 2007 when she passed Holbach who was traveling in the opposite direction. She reported that he turned his vehicle around and began following her, eventually turning off but shortly thereafter that he crossed in front of her. Dixon reported that she was passing a gas station on April 7, 2007 when she noticed Holbach was in the gas station parking lot and that he left the parking lot and began following her. Dixon reported she was driving home on May 2, 2007 when Holbach began following her at a high rate of speed. She became frightened, called 911 and was advised to go to the police station, but when she arrived at the police station, Holbach was already there. Dixon also reported receiving at least one letter from Holbach between July 2006 and May 2007. Approximately forty alleged contacts occurred between July 18, 2006 and May 16, 2007.

[¶ 7] On May 24, 2007, Holbach was charged with one count of stalking and one count of disobeying a judicial order. Holbach was later charged with a second charge of disobeying a judicial order.

[¶ 8] Holbach moved to determine whether some instances of the alleged stalking conduct were constitutionally pro-tected and whether evidence of those instances should be excluded. Holbach argued he was engaged in the normal course of daily constitutionally protected activities and any contact between himself and Dixon was coincidental. Holbach also moved to determine the constitutionality of N.D.C.C. § 12.1–17–07.1, the criminal offense of stalking. He argued N.D.C.C. § 12.1–17–07.1 is unconstitutionally vague because it does not provide adequate warning of prohibited conduct and fails to prevent arbitrary and discriminatory enforcement. He also argued the statute was unconstitutionally overbroad because it criminalizes constitutionally protected activity. The district court denied his motions.

[¶ 9] A jury trial was held, and Holbach was found guilty of all three charges.

## II

[¶ 10] Holbach argues the alleged stalking conduct occurred while he was engaged in constitutionally protected activities and the district court erred in denying his motion to exclude evidence of this conduct. Holbach claims he was engaged in legitimate activities and the parties were likely to run into each other frequently while conducting everyday business since they both reside and commute in the same general area of town. He contends he was engaged in legitimate, constitutionally protected activities and, therefore, evidence of those activities should have been excluded.

[¶ 11] It is a criminal offense to stalk another person. N.D.C.C. § 12.1–17–07.1. Stalking is "an intentional course of conduct directed at a specific person which frightens, intimidates, or harasses that person, and that serves no legitimate purpose." N.D.C.C. § 12.1–17–07.1(1)(c). The course of conduct is a "pattern of

conduct consisting of two or more acts evidencing a continuity of purpose." N.D.C.C. § 12.1–17–07.1(1)(a). "The course of conduct may be directed [at a specific] person or a member of that person's immediate family and must cause a reasonable person to experience fear, intimidation, or harassment." N.D.C.C. § 12.1–17–07.1(1)(c). The course of conduct "does not include constitutionally protected activity." N.D.C.C. § 12.1–17–07.1(1)(a). If a defendant claims he was engaged in constitutionally protected activity, "the court shall determine the validity of the claim as a matter of law and, if found valid, shall exclude evidence of the activity." N.D.C.C. § 12.1–17–07.1(5). Whether an activity is constitutionally protected is a question of law, which is fully reviewable on appeal. See State v. Curtis, 2008 ND 93, ¶ 10, 748 N.W.2d 709 (whether speech is constitutionally protected is fully reviewable on appeal).

[¶ 12] Holbach claims his alleged stalking conduct occurred while he was engaged in constitutionally protected activities and any evidence of this conduct must be excluded under N.D.C.C. § 12.1–17–07.1(5). He contends he has a constitutional right to travel around the city and to engage in normal, daily activities, including shopping, getting gas and going to restaurants.

■ [¶ 13] An individual has a constitutional right to intrastate travel, however, that right is not absolute and may be restricted. See Lutz v. City of York, 899 F.2d 255, 256 (3rd Cir.1990). Cf. Bolinske v. North Dakota State Fair Ass'n, 522 N.W.2d 426, 431 (N.D.1994) ("[T]he federal constitution does not guarantee the right to communicate one's views at all times and [in all] places," and "the government may regulate the time, place, and manner of that expressive activity.").

■ [¶ 14] Here, the district court recognized there is a constitutional right to travel and Holbach's conduct is generally constitutionally protected, but further concluded Holbach's travel had been restricted through proper process by the conditions of his probation. Holbach had previously pled guilty to stalking Dixon, and as part of his probation the court prohibited Holbach from going within 500 feet of Dixon, her residence and her children's schools; and he previously had violated those conditions and had served time in jail as a result. Holbach had notice to stay away from Dixon and not to contact her. Holbach's right to travel had been restricted by the judicial order, he had notice of the restrictions on his right to travel and an opportunity to be heard, and he is not claiming his probation conditions are unconstitutional. There was testimony from his probation officer that she had discussed the terms of the probation with Holbach and specifically had talked about where he could and could not go and which routes he could take to avoid violating the terms of his probation. The activities Holbach engaged in were not constitutionally protected because his right to travel had been restricted by the judicial order, and the district court did not err in denying Holbach's request to exclude evidence of this conduct.

[¶ 15] Other courts considering similar arguments also have concluded similar conduct was not constitutionally protected. See Snowden v. State, 677 A.2d 33 (Del.1996) (defendant's conduct, including following victim in her car, was not constitutionally protected activity and was not excluded from the stalking statute); VanHorn v. State, 889 N.E.2d 908 (Ind. Ct.App.2008) (defendant's conduct, including sitting in vehicle near victim's house and looking at victim's house through binoculars, was constitutionally protected conduct and could not constitute harass-

ment for stalking purposes because the defendant did not have notice that the conduct was impermissible, such as a protective order would provide); *Delgado v. Souders*, 146 Or.App. 580, 934 P.2d 1132, 1137 (1997) (statute for stalking protection order does not violate constitutional right to travel).

[¶ 16] Furthermore, violence or other activities that harm another person are not constitutionally protected. *See Roberts v. United States Jaycees*, 468 U.S. 609, 628, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984) (practices "like violence or other types of potentially expressive activities that produce special harms distinct from their communicative impact ... are entitled to no constitutional protection"). *See also State v. Adgerson*, 2003 MT 284, ¶ 29, 318 Mont. 22, 78 P.3d 850 (threats and activity intended to embarrass, annoy or harass are not constitutionally protected speech); *State v. Lee*, 135 Wash.2d 369, 957 P.2d 741, 751–53 (1998) (the right of an individual to travel cannot supersede the constitutional rights of another individual). The stalking statute requires the individual to engage in an intentional course of conduct that would cause a reasonable person to experience fear, intimidation or harassment. N.D.C.C. § 12.1–17–07.1(1). The right to travel cannot be constrained by the application of N.D.C.C. § 12.1–17–07.1 absent the intent and effect the statute requires. Holbach's conduct, including driving around the city, is generally constitutionally protected; however, Holbach's conduct went beyond normal daily activities such as shopping, getting gas and going to restaurants. Holbach had notice Dixon did not want any contact with him, he had a prior stalking conviction for similar activities, and evidence suggests he intentionally followed Dixon knowing his conduct would cause her fear. Once Holbach engaged in an intentional course of conduct directed at Dixon which would cause a reasonable person to experience fear, intimidation or harassment, his conduct was no longer constitutionally protected because he does not have a constitutional right to engage in activities that harm another person.

[¶ 17] We conclude Holbach's conduct was not constitutionally protected activity and the district court properly applied N.D.C.C. § 12.1–17–07.1. We affirm the court's decision to deny Holbach's request to exclude evidence.

### III

[¶ 18] Holbach argues N.D.C.C. § 12.1–17–07.1 is unconstitutionally vague and the district court erred in denying his motion to find the statute is unconstitutional.

### A

[¶ 19] The State claims this question is not properly before the Court because the attorney general was not served with the motion to find the statute unconstitutional on this appeal.

[¶ 20] The State argues N.D.C.C. § 32–23–11 applies, which is part of the chapter on declaratory judgments and requires the attorney general to be served with a copy of the proceeding if a statute is alleged to be unconstitutional. However, this is not a declaratory judgment proceeding and N.D.C.C. § 32–23–11 does not apply. *See Paluck v. Bd. of County Comm'rs*, 307 N.W.2d 852, 854 n. 2 (N.D. 1981) (attorney general should have been notified but this action was not a declaratory judgment proceeding and N.D.C.C. § 32–23–11 did not apply).

[¶ 21] Rule 44, N.D.R.App.P., effective March 1, 2008, applies in all appeals and addresses when the attorney

general must be notified if the constitutionality of a statute is challenged:

> "If a party questions the constitutionality of a statute of the State of North Dakota in a proceeding in which the state or its agency, officer, or employee is not a party in an official capacity, the questioning party must give written notice to the attorney general immediately upon the filing of the record or as soon as the question is raised."

While Holbach's appeal was filed prior to March 1, this Court has said that "new rules ... generally apply to pending [cases], unless the application would not be feasible or would cause an injustice." *State v. Keener*, 2008 ND 156, ¶ 11, 755 N.W.2d 462. We conclude N.D.R.App.P. 44 applies and Holbach was not required to give the attorney general written notice because the State is a party. The issue is properly before this Court.

### B

[¶ 22] Holbach argues N.D.C.C. § 12.1–17–07.1 is unconstitutionally vague because an ordinary person cannot determine what conduct the statute prohibits and the statute encourages arbitrary and discriminatory enforcement. He does not claim the statute is unconstitutionally vague as applied to the specific facts of this case, instead he claims the statute is unconstitutional on its face.

[¶ 23] "[S]tatutes carry a strong presumption of constitutionality." *Teigen v. State*, 2008 ND 88, ¶ 7, 749 N.W.2d 505 (quoting *In re P.F.*, 2008 ND 37, ¶ 7, 744 N.W.2d 724). "Whether a statute is unconstitutional is a question of law, which is fully reviewable on appeal." *Teigen*, at ¶ 7.

[¶ 24] "The due process clauses of the State and Federal Constitutions require ... criminal statutes ... give[ ] adequate warning of the conduct proscribed and mark[ ] boundaries sufficiently distinct for judges and juries to fairly administer the law." *State v. Tweed*, 491 N.W.2d 412, 419 (N.D.1992) (quoting *State v. Johnson*, 417 N.W.2d 365, 368 (N.D. 1987)). Vague laws may trap the innocent because they fail to provide adequate warning of what conduct is prohibited, and they may result in arbitrary and discriminatory application because a vague law delegates basic policy matters to those who apply the law, allowing the law to be applied on an ad hoc and subjective basis. *State v. Tibor*, 373 N.W.2d 877, 880 (N.D.1985). A criminal statute is unconstitutionally vague unless it "provide[s] adequate warning as to the conduct proscribed" and "establish[es] minimal guidelines to govern law enforcement." *Tweed*, at 419 (quoting *Johnson*, at 368). A statute is not unconstitutionally vague "if the challenged language, when measured by common understanding and practice, gives adequate warning of the conduct proscribed and marks boundaries sufficiently distinct for fair administration of the law." *In re Disciplinary Action Against McGuire*, 2004 ND 171, ¶ 19, 685 N.W.2d 748. A statute is not unconstitutionally vague simply because it does not specifically state the various ways it may be violated. *Id.*

[¶ 25] The parties must have standing to litigate the issues before a court may decide the merits of a dispute. *Whitecalfe v. North Dakota Dep't of Transp.*, 2007 ND 32, ¶ 15, 727 N.W.2d 779. Generally a party challenging the constitutionality of a statute must assert that the statute violates his constitutional rights, and not the rights of a third party. *See id.* at ¶ 16. When a party is challenging a criminal statute arguing it is vague and provides a lack of notice, unless the statute threatens First Amendment interests the challenge may be overcome when

a reasonable person would know that their conduct is at risk; therefore the statute must be reviewed as it applies to the particular facts in the case. *Maynard v. Cartwright,* 486 U.S. 356, 361, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). "To have standing to raise a vagueness challenge, a litigant must almost always demonstrate that the statute in question is vague as applied to his own conduct, without regard to its potentially vague application in other circumstances." *Tibor,* 373 N.W.2d at 880. However, a party may challenge a statute arguing it is unconstitutionally vague if the statute regulates or prescribes speech protected by the First Amendment. *Id.* at 881 n. 3.

[¶ 26] In this case, Holbach only argues the statute is vague on its face, not as applied to his conduct. Because Holbach does not argue the statute implicates First Amendment concerns, he must demonstrate the statute is vague as applied to his conduct. *See Tibor,* 373 N.W.2d at 880. *See also People v. Zamudio,* 293 Ill.App.3d 976, 228 Ill.Dec. 382, 689 N.E.2d 254, 257 (1997) (vagueness challenge to stalking statute, only address whether statute is vague as applied). Holbach does not assert he did not know his conduct was placing him at risk of violating the statute, and we conclude a reasonable person would understand Holbach's conduct was prohibited by N.D.C.C. § 12.1–17–07.1. *See Snowden,* 677 A.2d at 37 (stalking statute is not vague as applied because a person of ordinary intelligence would understand that following a person on several different days would constitute harassment, particularly when the defendant has prior convictions for similar past behavior and knew the victim found this behavior distressing in the past). Holbach has a prior stalking conviction for similar conduct. Holbach was required to stay 500 feet away from Dixon under terms of his probation on the prior conviction, and he previously had served time in jail for violating this condition of his probation. "An attempt to contact or follow a person after being given actual notice that the person does not want to be contacted or followed is prima facie evidence that the actor intends to stalk that person." N.D.C.C. § 12.1–17–07.1(3). Holbach had notice Dixon did not want to have contact with him and as a result of his conduct she experienced fear, intimidation or harassment; however, Holbach continued his conduct. Under the circumstances of this case, we conclude a reasonable person would know Holbach's conduct was prohibited by the statute; therefore Holbach does not have standing to claim N.D.C.C. § 12.1–17–07.1 is unconstitutionally vague.

IV

[¶ 27] We conclude Holbach was not engaged in constitutionally protected activities, the district court properly applied N.D.C.C. § 12.1–17–07.1 and Holbach does not have standing to raise a claim that N.D.C.C. § 12.1–17–07.1 is unconstitutionally vague. We affirm.

[¶ 28] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.