2009 ND 167

**STATE of North Dakota, Plaintiff and Appellee**

**v.**

**Jeremiah James JOHNSON, Defendant and Appellant.**

**No. 20090115.**

Supreme Court of North Dakota.

Sept. 16, 2009.

Tristan J. Van de Streek, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Richard E. Edinger, Fargo, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Jeremiah James Johnson appealed from a criminal judgment entered after his conditional plea of guilty to a charge of driving under the influence of intoxicating liquor or drugs "and/or" with an alcohol concentration of eight one-hundredths of one percent or greater by weight, in violation of N.D.C.C. § 39–08–01. On appeal, Johnson argues the district court erred when it denied his motion to suppress evidence of his blood alcohol content. We affirm the district court's denial of Johnson's motion to suppress because Johnson did not affirmatively refuse to submit to a blood test.

## I.

[¶ 2] In the early morning hours of September 14, 2008, a North Dakota Highway Patrol officer arrested Johnson for driving under the influence. The officer told Johnson that he would be asked to go to a hospital for a blood draw. The officer then gave him the implied consent warning. Johnson asked to call his attorney. After arriving at the hospital, the officer allowed Johnson to attempt to contact his attorney for approximately fifteen minutes, but Johnson was unsuccessful. The officer then asked Johnson if he would submit to a blood test. Johnson told the officer that he was not refusing to submit to the test, but wanted his attorney there with him. Johnson again unsuccessfully attempted to contact his attorney. The officer asked Johnson a second time if he would submit to a blood test. Johnson stated that he was not refusing to submit to the test, but wanted his attorney present. The officer took Johnson to the examination room, where a nurse proceeded with the blood test.

[¶ 3] As the nurse prepared to draw Johnson's blood, Johnson said quietly, "I did not agree to this." The officer instructed the nurse to stop and asked Johnson if he was refusing to submit to the blood test. Johnson did not respond. After two minutes with no response, the

officer instructed the nurse to continue and she drew Johnson's blood. The blood test indicated that Johnson's blood alcohol content was greater than eight one-hundredths of one percent by weight.

[¶ 4] Johnson filed a motion to suppress the results of the blood test on the ground that he did not consent to the test. The officer and Johnson testified at the hearing. The district court found that Johnson's quiet statement that he did not agree to the blood draw, coupled with his silence when given an opportunity to clarify, failed to effectively withdraw his consent. The district court denied Johnson's motion, finding that Johnson gave his consent and it was not effectively withdrawn. Johnson subsequently entered a conditional guilty plea under N.D.R.Crim.P. 11(a)(2), preserving his right to appeal the district court's denial of his motion.

## II.

[¶ 5] Johnson argues the district court erred when it found that he had consented to the blood test and his consent was not effectively withdrawn. Specifically, Johnson argues the court erred because he affirmatively refused to submit to the blood test when he conditioned his consent on the presence of his attorney, this condition was not met, and he stated quietly, "I did not agree to this."

[¶ 6] Our standard when reviewing a district court's decision on a motion to suppress is well-established:

[T]his Court defers to the district court's findings of fact and resolves conflicts in testimony in favor of affirmance. This Court will affirm a district court decision regarding a motion to suppress if there is sufficient competent evidence fairly capable of supporting the district court's findings, and the decision is not contrary to the manifest weight of the evidence. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.

*State v. Salter*, 2008 ND 230, ¶ 5, 758 N.W.2d 702 (quoting *City of Devils Lake v. Grove*, 2008 ND 155, ¶ 7, 755 N.W.2d 485) (alteration in original); *City of Fargo v. Thompson*, 520 N.W.2d 578, 581 (N.D. 1994).

[¶ 7] Consent to submit to chemical testing is implied by N.D.C.C. § 39–20–01, which states:

Any person who operates a motor vehicle on a highway or on public or private areas to which the public has a right of access for vehicular use in this state is deemed to have given consent, and shall consent, subject to the provisions of this chapter, to a chemical test, or tests, of the blood, breath, saliva, or urine for the purpose of determining the alcohol, other drug, or combination thereof, content of the blood.... The test or tests must be administered at the direction of a law enforcement officer only after placing the person ... under arrest and informing that person that the person is or will be charged with the offense of driving or being in actual physical control of a vehicle upon the public highways while under the influence of intoxicating liquor, drugs, or a combination thereof.... The law enforcement officer shall also inform the person charged that refusal of the person to submit to the test determined appropriate will result in a revocation for up to four years of the person's driving privileges.

When informing the person about refusal to submit to the chemical test, the officer need not use the exact words of the statute, but must advise the person about implied consent and inform the person of the consequences of refusal, including the loss of driving privileges. *Salter*, 2008 ND 230, ¶ 7, 758 N.W.2d 702 (citing *Brewer v. Zie-*

*gler*, 2007 ND 207, ¶ 23, 743 N.W.2d 391; *Asbridge v. N.D. State Highway Comm'r*, 291 N.W.2d 739, 746–48 (N.D.1980)). If the officer complies with the statutory requirements, the person's consent to chemical testing is implied and the person can only withdraw consent by affirmatively refusing to submit to testing. *Id.* (citing *State v. Mertz*, 362 N.W.2d 410, 413–14 (N.D.1985)). If the person refuses to submit to the chemical test, then the test may not be given. N.D.C.C. § 39–20–04.

[¶ 8] Johnson contends that his statement that he would only submit to the blood test if his attorney was present, the failure of that condition, and his quietly saying, "I did not agree to this," were an unambiguous, affirmative refusal. Whether a person refused to submit to a chemical test is a question of fact. *Grosgebauer v. N.D. Dep't of Transp.*, 2008 ND 75, ¶ 7, 747 N.W.2d 510 (citing *Hammeren v. N.D. State Highway Comm'r*, 315 N.W.2d 679, 682–83 (N.D.1982)). Johnson had to affirmatively refuse to submit to the blood test to withdraw his implied consent. *Salter*, 2008 ND 230, ¶ 7, 758 N.W.2d 702 (citing *Mertz*, 362 N.W.2d at 413–14).

[¶ 9] When determining whether Johnson had affirmatively refused, the district court was entitled to consider all of Johnson's statements. Johnson gave conditional consent to the blood test and stated quietly, "I did not agree to this." However, Johnson also said that he was not refusing to submit to the blood test. In addition, the district court stated that Johnson did not, when given the opportunity, "take back in any articulable terms the consent that he had clearly given."

[¶ 10] Johnson's responses to the officer's requests to submit to the test were ambiguous. We have referred to the ability to refuse a chemical test under N.D.C.C. § 39–20–04 as "legislative grace." *Grosgebauer*, 2008 ND 75, ¶ 11, 747 N.W.2d 510. However, "this act of

'legislative grace' should not be construed as giving drivers the ability to avoid the potential consequences of test submission and to avoid the penalties of refusal by remaining ambivalent." *Id.* (citing *Krabseth v. Moore*, 1997 ND 224, ¶ 17, 571 N.W.2d 146). If a person ambiguously responds to a request to submit to a chemical test, the person suffers the consequences of that ambiguity. An affirmative refusal to submit to a chemical test must be clear and unequivocal. The district court found that Johnson gave his consent to the blood test, and that consent was not effectively withdrawn. The officer testified that he advised Johnson of the implied consent law, including the possible loss of Johnson's driving privileges. The requirements of N.D.C.C. § 39–20–01 were met and Johnson's consent to the blood test was implied. *Salter*, 2008 ND 230, ¶ 7, 758 N.W.2d 702 (citing *Mertz*, 362 N.W.2d at 413–14). Therefore, sufficient competent evidence was presented fairly capable of supporting the district court's finding that Johnson's consent was not effectively withdrawn. We conclude the district court's denial of Johnson's motion was not contrary to the manifest weight of the evidence.

### III.

[¶ 11] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit. We affirm the district court's denial of Johnson's motion to suppress and the judgment of conviction.

[¶ 12] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.