2010 ND 30

**STATE of North Dakota, Plaintiff and Appellee**

**v.**

**Joel A. BYZEWSKI, Defendant and Appellant.**

**Nos. 20090150, 20090151.**

Supreme Court of North Dakota.

Feb. 17, 2010.

Pamela A. Nesvig (argued), Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Kent M. Morrow (on brief), and Justin J. Vinje (argued), Bismarck, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1]  Joel A. Byzewski appeals from two judgments entered on conditional pleas of guilty to the charges of violating a domestic violence protection order and driving while under suspension, reserving his right to appeal the trial court's denial of his motion to dismiss and motion to suppress evidence.  We affirm both judgments.

I

[¶ 2]  In February 2007, the trial court entered a domestic violence protection order against Byzewski effective until further court order.  The order prohibited Byzewski from coming within one hundred yards of the victim's place of employment: 3315 University Drive, Bismarck, N.D. 58504, which is the address for the campus of United Tribes Technical College.  Byzewski testified he was on the campus on February 11, 2009, with his girlfriend to pick up her children.  He testified that his girlfriend drove onto the campus.  After his girlfriend exited the vehicle to pick up one of her children, Byzewski began driving the vehicle.  After Byzewski picked up both his girlfriend and her child, he drove approximately a half a block where he was stopped by campus security.  Byzewski was detained until Burleigh County law enforcement arrived.  The officers arrested him for violating the protection order and driving while under suspension.

[¶ 3]  Byzewski moved to dismiss the domestic violence protection order violation and moved to suppress evidence of the driving while under suspension violation. The trial court held a hearing on the motions, and Byzewski testified.  He also submitted an affidavit of a United Tribes College Vice President that described the campus as 233 acres.  The trial court denied both motions.  Byzewski offered conditional guilty pleas to both the domestic violence protection order violation and driving while under suspension, preserving his right to appeal the denial of the motions. Byzewski appeals.

II

[¶ 4]  Our standard of review on preliminary motions is well-established:

> We will not reverse a trial court's findings of fact in preliminary criminal pro-

ceedings if, after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the findings and if the trial court's decision is not contrary to the manifest weight of the evidence.

*State v. Bethke*, 2009 ND 47, ¶ 31, 763 N.W.2d 492 (providing the standard for a motion to dismiss); *see also State v. Salter*, 2008 ND 230, ¶ 5, 758 N.W.2d 702 (providing the standard for a motion to suppress). "Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law." *Salter*, 2008 ND 230, ¶ 5, 758 N.W.2d 702. "Whether an activity is constitutionally protected is a question of law, which is fully reviewable on appeal." *State v. Holbach*, 2009 ND 37, ¶ 11, 763 N.W.2d 761.

[¶ 5] The trial court accepted Byzewski's conditional guilty pleas to the charges of violating a domestic violence protection order and driving while under suspension. In his plea, Byzewski preserved his right to appeal by stating he was appealing, "(1) the Court's denial of his motion to dismiss ... because the protection order impermissibly infringes upon Mr. Byzewski's fundamental right to intrastate travel; and (2) the Court's denial of his motion to suppress evidence ... when said evidence was obtained pursuant to an illegal seizure." Under N.D.R.Crim.P. 11(a)(2), "a defendant may enter a conditional plea of guilty, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Therefore, Byzewski's motions are properly before this Court. *See State v. Bornhoeft*, 2009 ND 138, ¶ 1, 770 N.W.2d 270; *State v. Voigt*, 2007 ND 100, ¶ 1, 734 N.W.2d 787; *State v. Kraft*, 539 N.W.2d 56, 57–58 (N.D.1995).

[¶ 6] We note Byzewski raises his constitutional challenges to the protection order two years after it was entered. The State, however, has not raised an issue concerning Byzewski's ability to challenge the protection order at this late time. We, therefore, proceed to address the merits of Byzewski's constitutional challenge.

### III

[¶ 7] Byzewski argues the trial court erred in denying his motion to dismiss because the domestic violence protection order unconstitutionally restricted his right to intrastate travel. Section 14–07.1–02, N.D.C.C., governs domestic violence protection orders. The Court construes the statute "liberally, with a view to effecting its objects and to promoting justice." *Frisk v. Frisk*, 2006 ND 165, ¶ 7, 719 N.W.2d 332. The statute is intended to protect victims of domestic violence from further harm. *Gaab v. Ochsner*, 2001 ND 195, ¶ 5, 636 N.W.2d 669. A protection order encroaches on an individual's constitutional right to travel, including the right to travel within a state. *See Shapiro v. Thompson*, 394 U.S. 618, 630–31, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) (overruled in part on other grounds by *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)). While a person has a constitutional right to intrastate travel, that right is not absolute and may be restricted. *Holbach*, 2009 ND 37, ¶ 13, 763 N.W.2d 761 (citing *Lutz v. City of York*, 899 F.2d 255, 256 (3d Cir.1990); *Bolinske v. North Dakota State Fair Ass'n*, 522 N.W.2d 426, 431 (N.D.1994)). This Court has held that when an accused engages in an intentional course of conduct directed at the victim, which would cause a reasonable person to experience fear, intimidation or harassment, the conduct is no longer constitutionally protected because the accused does not have a constitutional right to engage in activities that harm another person. *Holbach*, 2009 ND 37, ¶ 16, 763 N.W.2d 761.

[¶ 8]   We conclude the domestic violence protection order does not unconstitutionally restrict Byzewski's right to travel.   Under N.D.C.C. § 14–07.1–02(4)(a), the court may order relief that includes "[r]estraining any party from threatening, molesting, injuring, harassing, or having contact with any other person."   The victim had a valid protection order that prohibited Byzewski from engaging in any domestic violence, having any direct or indirect contact with the victim specifically threatening, molesting, injuring, harassing, calling, writing, visiting, taking or damaging any of the victim's property, having any physical contact with the victim, and following or stalking the victim.   In addition, the order provided Byzewski could not come within one hundred yards of the victim's home, her place of employment, her day care, an elementary school, and wherever the petitioner may be or reside.

[¶ 9]   By engaging in behavior that led to a domestic violence protection order, Byzewski forfeited his right to travel where the victim works.   Therefore, Byzewski engaged in activity that was not constitutionally protected when he traveled to the victim's place of employment in violation of her domestic violence protection order.   Other courts have concluded similar restrictions do not violate the right to travel. *Spence v. Kaminski*, 103 Wash. App. 325, 12 P.3d 1030, 1036 (2000) (determining that a protection order did not violate the right to travel because the order was "a reasonable exercise of police power requiring one person's freedom of movement to give way to another person's freedom not to be disturbed"); *Ladd v. Uecker*, 2009 WL 4800110 (Dec. 08, 2009, Wis.Ct.App.2009) (holding an order banning the respondent from attending certain sporting events did not violate the respondent's constitutional right to travel because she had forfeited her right to travel by stalking and harassing the petition-

er); *People v. Coleman*, 11 Misc.3d 1019, 812 N.Y.S.2d 857, 860 (N.Y.Sup.2006) (holding the court may require the defendant to stay away from New York City for three years as a valid condition of the order of protection).   *But see State v. Sims*, 152 Wash.App. 526, 216 P.3d 470, 473 (2009) (remanding an order prohibiting the defendant from entering a county so it could include more narrowly-tailored geographical restrictions).

IV

[¶ 10]   Byzewski argues the trial court erred in denying his motion to suppress the evidence obtained following law enforcement's alleged illegal seizure of Byzewski.   According to Byzewski, the evidence should have been suppressed as fruit of the poisonous tree.   "Any evidence obtained as a result of illegally acquired evidence must also be suppressed as 'fruit of the poisonous tree.'" *State v. Torkelsen*, 2008 ND 141, ¶ 23, 752 N.W.2d 640.   A reasonable and articulable suspicion of criminal activity is a necessary prerequisite for a valid investigative stop made in the absence of probable cause for an arrest. *Anderson v. Dep't of Transp.*, 2005 ND 97, ¶ 8, 696 N.W.2d 918.   An officer has reasonable and articulable suspicion: (1) when the officer relied on a directive or request from another officer; (2) when the officer received tips from other police officers or informants, which were then corroborated by the officer's own observations; and (3) when the officer directly observed illegal activity. *Id.* at ¶ 9.

[¶ 11]   Here, law enforcement was advised by United Tribes' campus security that Byzewski was on the United Tribes' campus in violation of a protection order. Byzewski was driving on the campus when he was stopped by campus security and held for arrest by law enforcement.   We have concluded there was a valid protec-

tion order prohibiting Byzewski from going on the United Tribes' campus. The protection order and Byzewski's presence on the campus provided the law enforcement officers with reasonable and articulable suspicion to stop his vehicle. We therefore conclude the evidence obtained from Byzewski's seizure is admissible.

## V

[¶ 12] We have considered the remaining arguments raised by Byzewski and determine them to be unnecessary to our decision or without merit. "We have said a party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant authorities, an argument is without merit." *Riemers v. O'Halloran*, 2004 ND 79, ¶ 6, 678 N.W.2d 547. "We have also said a party making a constitutional claim must provide persuasive authority and reasoning." *Id.*

[¶ 13] We conclude the trial court did not err in denying Byzewski's motion to dismiss and motion to suppress evidence. We affirm the trial court's judgments entered on conditional pleas of guilty to the charges of violating a domestic violence protection order and driving while under suspension.

[¶ 14] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.